Thomson, P. J.,
delivered the opinion of the court.
Suit by appellee against appellant, upon a policy of insurance issued by the latter upon the life of appellee’s husband, Edmond M. Owen. Judgment for the plaintiff, from which the defendant appealed.
The consideration of the policy, as expressed in the instrument, was, together with other things, the application 'for the policy, and the representations it contained. By the terms of the policy, the amount to be paid in case of death, was $2,000. Six months after the policy was issued, Mr. Owen died, in consequence of the rupture of a blood vessel. The policy contained the following, among other provisions: “If any statements in the application are found to be untrue, * * * , this policy shall be absolutely null and void.” The defendant alleged in its answer that Owen, for the purpose- of obtaining the insurance, made and signed a written application, to certain questions contained in which, he returned untrue answers. These questions and answers were as follows:
; “ Q. What is your practice as regards the use of spiritu.ous or malt liquors? A. None. Q. What has been your habit in this respect during life? A. Temperate.” ■
■The defendant further averred that at the time of making the answers, the practice of Owen in respect to the use of spirituous or malt liquors, was, and his habit through life had been, immoderate and intemperate; that the answers were false ahd fraudulent, and were known by Owen to be 'false when made; that the defendant did not learn of his intemperance until after his death, and then returned the amount of unearned premium, and a guarantee note given by Owen'.’
*133 The replication denied the intemperance of Owen; averred that the application was approved in the office of the defendant at Des Moines, Iowa; and that the laws of Iowa required' the application to be printed on, or attached to, the policy. The plaintiff, having introduced the policy, and proved the death of the insured, the defendant offered the application-in evidence, and tendered proof, by witnesses, that the practice of the insured in respect to the use of spirituous or malt liquors, at the time he made the application, was that of a person addicted to the intemperate use of such liquors; that-for a considerable time prior to the application, and during all the time that the witnesses had known him, he was addicted to periodical sprees, and would be in a drunken condition for several days at a time; and that those sprees occurred four and five times a year. The defendant objected-to all this evidence on the ground that the application was not printed upon, or attached to, the policy. The court sustained the objection, and the only question presented to us for decision, arises out of the ruling.
The law of Iowa, referred to in the replication, is as follows:
“All insurance companies or associations, shall upon the' issue, or renewal, of any policy attach to such policy, or-indorse thereon a true copy of any application or representation of the assured, which by the terms of such policy, are made a part thereof or of the contract of insurance or referred-to therein, or which may in any manner affect the validity of such policy. The omission so to do shall not render the policy invalid, but if any company or association neglects to comply with the requirements of this section, it shall forever-be precluded from pleading, alleging or proving such application or representation or any part thereof, or falsity thereof, or any part thereof, in any action upon such policy, and the plaintiff in any such action shall not be required, in order to recover against such company or association, either to plead or prove such application or representation, but may do so at his option.”
*134 This statute requires an application for insurance to be indorsed on, or attached to, the policy of insurance ; but it does not provide that a failure of compliance with the requirement shall vitiate the application. The only effect of such failure is to preclude the insurance company from pleading or proving the application, or its falsity. Questions relating to the construction of contracts, and their validity and effect, are controlled and determined by the law of the place where they are made; but questions affecting remedies upon them, are governed by the law of the place where the suit is brought. What the pleadings shall be, what evidence is admissible under them, and the effect to be given to it, are matters pertaining solely to the remedy. Downer v. Chesebrough, 36 Conn. 39; Scudder v. Bank, 91 U. S. 406; Sherman v. Grassott, 4 Gil. 521; Story on Conflict of Laws, §§ 556, 634 a.
No question pertaining to the construction of the contract of insurance, or its validity, can arise under the law of Iowa. That law does not purport to affect the contract itself in any way. It only provides that under certain specified conditions, facts, which would otherwise constitute matter of defense shall not be pleaded or proved. The rule of pleading and evidence which it prescribes, is, of course, binding upon the courts of that state; but it is without force or effect here.
By the law of this state, no statements or representations of the insured need be incorporated in, indorsed on, or attached to, the policy; and a false representation concerning material facts, contained in the application, and upon the faith of which the policy was issued, may be pleaded and proved in defense, whether they accompany the policy or not. See Travelers’ Insurance Co. v. Lampkin, 5 Colo. App. 177.
We think the court erred in rejecting the evidence offered, and its judgment must therefore be reversed.

Reversed.