[No. 1903.]
## THE DES MOINES LIFE ASSOCIATION v. OWEN.

1. LIFE INSURANCE—APPLICATION—FALSE ANSWERS—INSTRUCTIONS.

In an action upon a policy of life insurance where a defense was based upon the alleged falsity of two answers in the application, the falsity of either of which would have avoided the policy, an instruction that in effect told the jury that both answers must have been shown to have been false before the jury could find in favor of the defendant was erroneous.

2. SAME.

In an action upon a policy of life insurance where a defense was based upon the alleged falsity of the answer to the following question, in reference to the use of intoxicating liquors: "What has been your habit in this respect through life?" to which the applicant answered: "Temperate," an instruction that told the jury that before they could find for defendant they must find from the preponderance of the evidence that the habit of insured as to the use of liquors prior to the signing of said application had been intemperate and immoderate through life was erroneous in requiring defendant to show that such intemperate habit continued through life.

3. INSTRUCTIONS—UNDISPUTED FACTS.

It is error to submit to the jury an admitted or undisputed fact as a question in dispute under the testimony.

4. INSTRUCTIONS—TWO DEFENSES.

Where there are two defenses interposed to an action either of which if established would defeat the action, an instruction from which the jury might conclude that if defendant failed to establish one defense, even though he sustained the other, it would be their duty to return a verdict for the plaintiff, is misleading and erroneous.

5. INSTRUCTIONS—ERROR NOT CURED.

If misleading and erroneous instructions are given, the fact that other instructions are given which to some extent clearly and correctly lay down the rules of law applicable to the case, does not cure the error where there is nothing in the record from which it can be determined which instructions the jury followed upon the material issues presented.

*Appeal from the District Court of Arapahoe County.*

Mr. M. J. BARTLEY and Messrs. BICKSLER, McLEAN & BENNETT, for appellant.

Mr. W. Hy. Smith and Mr. Charles L. Richards, for appellee.

Wilson, J.

This suit was brought by the beneficiary to recover upon a life insurance policy which was alleged to have matured by the death of the insured. The company set up two defenses, each of which it was claimed,—and correctly so if the defense was sustained by the evidence,—relieved it from liability. The first was based upon the following questions and answers in the application for insurance, viz:

"Q. What is your practice as regards the use of spirituous or malt liquors? State amount and kind consumed. Be very exact." To which the applicant answered: "None."

And also the following question:

"What has been your habit in this respect through life?" To which the applicant answered: "Temperate."

The answer of defendant alleges that each of the answers to such questions were at the time of making them false, fraudulent and untrue, and that the applicant well knew them to be such.

The second defense is that the contract of insurance by virtue of its express provisions became null and void because, "subsequent to the issuing of the said policy of insurance the said Owen became so far intemperate in the use of intoxicating liquors as to permanently impair his health and to increase the hazard upon his life, and such intemperance, directly, materially and effectually contributed to his death."

The question whether the statements in the application for insurance were warranties or merely representations does not arise. It was alleged in the answer that they were warranties; the case was tried upon that theory, and the court so instructed,—in fact, this was not denied by the plaintiff in her replication. The matters in controversy under both defenses were purely questions of fact, which the jury decided in favor of the plaintiff. There was some conflict of testi-

mony, but it was entirely sufficient to sustain the verdict of the jury, and, under the well-settled rule, this verdict is binding upon this court, provided that the questions for the jury to determine were submitted to it under proper instructions. Herein lies the difficulty in the case. Instruction No. 7, requested by the plaintiff and given by the court, was as follows:

" The court instructs the jury that to enable you to find for the defendant on the first defense, it will be necessary for you to find from a preponderance of the testimony, that at the time of making of said answers, the practice of said Edmond M. Owen, as regards the use of spirituous and malt liquors, and his habits through life in that respect, had been immoderate and intemperate; and that said Edmond M. Owen had been addicted to periodical spreeing for years before the time of said application, and during such periodical spreeing the practice and habit of said Edmond Owen as to the use of spirituous and malt liquors were grossly intemperate and immoderate, and at such time said Edmond M. Owen consumed large quantities of spirituous or malt liquors; that the habit of said Edmond M. Owen through life as to the use of spirituous or malt liquors, prior to signing said application, had been intemperate and immoderate, and that if said facts as to the immoderate and intemperate use of spirituous or malt liquors or as to periodical spreeing had been known to the defendant, it would not have issued the policy of insurance sued upon in this action. You are further instructed that unless you can so find from a preponderance of the evidence, your verdict should be for the plaintiff upon the first cause of defense."

This instruction was clearly erroneous. The first defense was based upon the answers to two questions, the falsity of either of which would have avoided the policy. This instruction confounded and joined together by the copulative conjunction " and " the answers to both questions, and also other independent facts bearing upon such answers. It thereby told the jury, in effect, that both answers must have

been shown to have been false before the jury would have been justified in finding in favor of the defendant. It confused two distinct propositions in such a manner that it might have been clearly misleading to the jury. The jury was further told by this instruction that before it could find for defendant, it must find from the preponderating weight of the testimony that the habit of the insured as to the use of liquors prior to the signing of said application had been intemperate and immoderate through life. This was manifestly erroneous. If the practice of the applicant at the time of the application as to the use of spirituous and malt liquors was intemperate or immoderate, or had been such at any time within one year, or several years, immediately preceding the application, it would have been a violation of the terms and conditions in the contract of insurance the same, and with the same effect, as if the applicant had been so intemperate and immoderate in such use of liquors throughout his entire previous life. The instruction was further erroneous, because it required the jury, before it could render a verdict for the defendant, to further find that if the alleged facts as to the immoderate and intemperate use of spirituous or malt liquors, or as to the periodical spreeing of the applicant, had been known to the defendant, it would not have issued the policy of insurance. This was not an issue in the case. It was so alleged in the answer, and was not denied in the replication : if material at all, it was an admitted fact. The only tendency of this portion of the instruction, if considered at all, would have been to mislead and confuse the jury. To have made any finding as to this point, the jury would have been required to indulge merely in speculation, because there was no evidence with reference to it. It is error to submit an undisputed fact to the jury as a question in dispute under the testimony. *Jenks v. Colwell*, 66 Mich. 420.

Instruction No. 8 is open to the same objection. The jury was, in effect, told that although it might find that after the issuance of the policy that the insured became so far intemperate as to impair his health, and that such intemperance

evidently contributed to his death; yet, before the jury could return a verdict for defendant, it must first find from a preponderance of the testimony that the defendant company did not learn of such intemperance until after the death of the insured.     Even if this had any material bearing upon the question of the avoidance of the policy, there was no testimony bearing upon it.     It was an undisputed allegation of the answer only, and it was improper to submit it to the jury as a disputed question.

The tenth instruction, given at the request of the plaintiff, was in such language as also tended to mislead and confuse the jury.     It might have concluded from this that if the defendant had failed to established one of its defenses, even though it had sustained the other, it would have been its duty to return a verdict for the plaintiff.

It is true that in some instructions given on behalf of defendant, the court to some extent laid down the law correctly and clearly.     This court cannot, however, determine by which instruction the jury was controlled.     Our determination must be governed by the fact that error may have intervened.     We see nothing in the record from which we may conclude which instructions the jury followed upon the material issues presented.     *City of Boulder v. Niles,* 9 Colo. 421 ; *Grant v. Varney,* 21 Colo. 334.

This case has once before been heard in this court,—not upon its merits, however,—and under these circumstances, we regret to again render judgment of reversal, but we see no escape from it.

Because of fatal error in the instructions, to which we have referred, the judgment must be reversed.

*Reversed.*