Thomson, J.
On the 31st day of January, 1898, Charles D. Murray, a child seven years of age, was seriously injured by the falling upon him of a derrick situated in a public street of the city of Denver. By his nest *144 friend he brought suit to recover damages for the injury. The facts disclosed by the evidence are these: Elbert C. Cliff was the owner of a derrick, made of heavy timbers, five or six feet in width at the bottom, and about three feet at the top, twenty-five or thirty feet long, and constructed for the purpose of raising and lowering heavy safes. Mr. Cliff' kept this derrick in the street in front of his yard, outside and near the edge of the sidewalk, a portion of the time lying down, and a portion of the time standing in an inclined position, and leaning against a stump. Prior to the accident the derrick had been in the street for at least a year, and standing up, leaning against the stump, for two or three months. Part of the time it was fastened to the stump by a rope. The rope was there when the accident occurred, but it had parted by reason of rottenness, or had been cut. A number of poles were.lying on the ground under the derrick, and had been there for two or three years. There was a public school building on the corner diagonally opposite Cliff’s premises and the place occupied by the derrick, in which a large number of children were taught, among whom was young Murray. The derrick seems to have had a special attraction for those children, for they were in the habit of playing upon it, climbing to its top and swaying it. They had been warned by the principal that there was danger in playing on it, but the warning does not seem to have had much effect. It was heeded, however, by the plaintiff. About one o’clock in the afternoon of the day of the accident, the plaintiff, while on his way to school, stopped a short distance from the school house to play marbles with some other boys. While he was playing the school bell rang, and to avoid being late he started rapidly towards the schoolhouse, taking the shortest route. His course led him across the ground over which the derrick was leaning; as he *145 came under it, he stumbled on one of the poles lying on the ground, and at that instant the derrick toppled over and fell on him, inflicting the injury of which he complains.
The action was brought against the city and Cliff jointly. The complaint stated the facts substantially as the evidence showed them, and charged the city with negligence in suffering the derrick to remain upon the street. The answer of the city, after denying all the allegations of the complaint, averred Contributory negligence on the part of the plaintiff. The jury returned a verdict against both defendants, and judgment was entered accordingly. The city alone appeals.
Error is assigned to each of the several instructions given at the plaintiff’s request. Except as to the admission of some testimony to which the city objected, and the objections to which are now abandoned, no other error is assigned. Only a few of the instructions are noticed in the argument. The objections to the others are therefore waived.
1. The fourth instruction, given at the request of the plaintiff, was that the city was “bound to use all reasonable care, caution and supervision to keep its streets and sidewalks in safe condition for travel, in the ordinary modes of travel.” The objection to this is that it does not qualify the word “safe” by the word “reasonably.” In Boulder v. Niles, 9 Colo. 415, it is said that it is the duty of the municipality to keep its avenues of travel in a reasonably safe condition for the modes of use to which they are subjected. We hardly think the jury could have been misled by the instruction. The difference between using reasonable care to keep the streets in a safe condition, and the keeping of the streets in a reasonably safe condition, is not very palpable. But if the instruction was faulty, its defects were cured by the *146 thirteenth, instruction, given at the instance of the defendant, in which the accurate phraseology was employed.
By the fifth instruction the court advised the jury that there could be no recovery against the city, unless the unsafe condition of the street was actually known to the city, or had existed for such a length of time prior to the accident that the city, by the exercise of reasonable care and prudence, ought to have discovered it. It is contended that no liability could attach to the city until, after actual notice, or lapse of a sufficient period to raise a presumption of notice, it had failed to use reasonable diligence to render the street safe; and that because the instruction omitted so to state, it was fatally defective. No fault is found with the instruction as far as it wentthe objection is that it did not go far enough. But the city did not ask the court to supply the omission, and it is too late now to complain of it. — Mining & Milling Co. v. Prentiss, 25 Colo. 4.
However, there is another answer to the objection. Upon the undisputed facts, the derrick and poles had encumbered the street for such a length of time that the city was charged by law with notice of their presence, and with the duty of causing' their removal before the accident occurred; and it would not have been error to so instruct the jury. — Denver v. Hyatt, 28 Colo. 129. The city is not in a position to complain of the instruction as it was given.
The court also instructed the jury that the liability of the city was the same whether the derrick was tied with a rope or not; and in the course of the instruction, after submitting the questions whether the derrick was in the street, in proximity to a public school, and was a contrivance attractive to children, incidentally referred to it as “said obstruction.” Counsel say that the court invaded the province of the *147 jury in assuming the derrick to be an obstruction, and also erred in saying that it was immaterial whether it was tied or not. The instruction was faulty in leaving conclusively established facts to the jury. That the derrick was in the street* in proximity to a schoolhouse and attractive to children, was not left an open question by the testimony. But the objections taken by the city are not tenable. The location of the machinery made it an obstruction. The evidence left no room for doubt as to that. And taking into consideration the location and construction of the contrivance, and the temptation it offered to children, as something desirable to play upon, we do not think the fact that it was tied by a rope, which was liable at any time to be severed accidentally, or heedlessly, by the children playing upon it, tends to palliate the negligence through which the machine was suffered to remain.
The question of the plaintiff’s contributory negligence was properly submitted, and upon the evidence, the verdict was manifestly right.
The judgment will be affirmed. Affirmed.
Wilson, P. J., not sitting.