[No. 3815.]

## THE GERMANIA LIFE INSURANCE COMPANY v. KLEIN.

1. LIFE INSURANCE—*Construction of Policy.* The policy stated that the insurer agreed as afterwards set forth, "in consideration of the representations made in the application therefor, which is hereby made the basis of and a part of this contract." Also it declared that "all the statements made in the application, and those contained in the declarations to the medical examiner, which with this declaration constitute an application to, etc., for insurance upon the life, etc., are offered to the said company as a consideration of the contract applied for," and that the assured adopted each of these statements as her own, and warranted them to be "full, complete and true." *Held* that not only the application proper, but all the other statements and declarations, by

whatever name called, were part of the contract, and the basis of the policy.

2. —— *False Representations*, of a fact material to the risk, and upon which the policy is based, avoid it, even though such misrepresentations are the result of mistake, and made in good faith.

3. —— *Representations Material to the Risk.* A representation that the applicant had never consulted a physician is material to the risk, when in fact there was such a consultation, not in respect to some temporary ailment, but to a serious malady of chronic character.

So a gross misrepresentation as to the age of the applicant defeats the insurance *pro tanto*.

4. TRIAL—*Directing Verdict.* Where, in an action upon a life policy, a material representation made by the insured, and declared to be the basis of the policy, is shown by uncontradicted evidence to be false, the question is not to be submitted to the jury.

5. EVIDENCE—*Deposition—Effect on Appeal.* The verdict of the jury is not conclusive in the court of review as to the veracity of a witness who testifies by deposition.

*Appeal, from Pueblo District Court.* HON. J. E. RIZER, Judge.

Mr. F. A. WILLIAMS, Mr. G. Q. RICHMOND, for appellant.

Mr. JAMES A. PARK, Mr. BENJ. F. KOPERLIK, for appellee.

KING, J., delivered the opinion of the court.

This was an action, brought to recover on a life insurance policy, in which the verdict and judgment were for the plaintiff.

On the 22nd day of September, 1905, Pauline Klein made written application to The Germania Life Insurance Company of New York for $1,500 insurance on her life. Among other things, she stated that she was fifty years of age at her nearest birthday; a resident of the city of Pueblo, Colorado; had not had any of the diseases inquired of in the medical examination; had never

consulted a physician; had never removed to benefit her. health, and did not contemplate a change of residence.

The application was accepted and policy issued at the home office in New York under date of October 19, 1905, and policy delivered to the insured at Pueblo about the last of October. Immediately thereafter she returned to Philadelphia, Pennsylvania, whence she had come during the previous June, and at which place she died on January 10, 1906. Death was caused by carcinoma of the gall bladder.

The defense to the action on the policy was, in substance, that insured had understated her age by thirteen years; that she had secured the insurance by false representations of facts material to the risk; that the statements and representations made in her application were warranties, and that there was a breach of such warranties.

The policy states that "The Germania Life Insurance Company of the City of New York in consideration of the representations made in the application for this policy, which application is hereby made the basis of, and a part of, this contract, and of the payment * * * does hereby promise and agree," etc. By this provision of the policy, it is plain that the application as a whole is made the basis of and a part of the contract. What constitutes the application is declared and agreed upon as follows:

"It is hereby declared and agreed that all the statements and representations contained in the foregoing application and those contained in the declarations made to the Medical Examiner, which, together with this Declaration of Agreement, constitute an application to The Germania Life Insurance Company of New York for an insurance upon the life of the undersigned Pauline Klein in the amount of fifteen hundred dollars, are offered to

the said Company as a consideration of the contract applied for; each of which statements and answers, whether written by his or her own hand or not, every person whose name is hereto subscribed adopts as his or her own, admits to be material, and warrants to be full, complete and true, and to be the only statements given to the Company in reply to its inquiries, and upon which, should the insurance applied for be granted, the Company's contract will be founded."

The application proper, including this declaration and agreement, and also the answers made to the questions asked by the medical examiner, were subscribed by Pauline Klein, so that by the express terms of both the policy and the application, all these statements, representations and declarations, by whatever name they may be called, became a part of the contract of insurance, and the basis upon which the policy was issued.

The evidence conclusively showed, and the jury found, that at the time of making the application, insured was sixty-three years of age at her nearest birthday, instead of fifty years of age as stated in her application, and for that reason the verdict was returned and judgment rendered for $898.42, the amount of insurance which the premium actually paid would have purchased at the age of sixty-three years.

The evidence as conclusively showed that for at least four years before she made her application, the insured had been consulting a physician for some ailment or disease, and that from about April 4, 1904, to the time of her death, with the exception of the few months she resided or visited in Colorado, she had been treated for carcinoma of the liver. Dr. C. H. Lefcowitch, a practicing physician of Philadelphia, a graduate of Jefferson Medical College of that city, and for some years assistant surgeon to the Philadelphia Polyclinic Hospital, testified that he was physician for said Pauline Klein from Sep-

tember 12, 1901, to November 26, 1905; that prior to April 4, 1904, he had treated her at various times for gastro-intestinal derangement, and from said April 4th for carcinoma of the liver, and had been consulted by her just previous to her departure for Colorado; that upon return of the insured to Philadelphia he treated her from November 21st to November 26th, inclusive, for the same disease. From about December 1, 1905, to the time of her death she was attended by Dr. Fussell, assistant professor of medicine at the University of Pennsylvania, chief of the medical dispensary of and lecturer on diseases of the liver at that institution, and also physician to some hospitals in that city, a practicing physician of twenty-two years' experience. The disease was diagnosed by him as carcinoma of the liver, and so treated. However, an autopsy performed by him and his associates disclosed that the carcinoma was of the gall bladder, with secondary deposits or infiltration into the liver and duodenum; that the gall bladder was entirely destroyed, and that death ensued from carcinoma of that organ, instead of the liver; that what during life had been regarded as a malignant tumor of the liver was a prolapsed and prolonged lobe of that organ, projecting into the abdomen below the ribs, but it was not carcinomatous, at least until of a recent date, and not the cause of her death. The testimony of both Dr. Lefcowitch and Dr. Fussell was by deposition, and for that reason the verdict of the jury is not conclusive on this court as to the veracity of those two witnesses, even though it be conceded that the opinion of either of them as to the time the fatal disease originated conflicts with other opinion evidence.

The testimony of Dr. Lefcowitch that he had been consulted by and had treated the insured at various times for several years, and that for at least a year prior to the time her application for insurance was made had re-

garded and treated the disease as chronic carcinoma, is neither disputed by any other witness nor in any substantial respect discredited in the slightest degree. His veracity is in no degree impeached by the slight inaccuracy of his diagnosis. The fact of consultation was conclusively established, and the jury should have been so instructed.

Under this condition of the contract of insurance and of the evidence, the court instructed the jury that under the provisions of the policy the statements of Pauline Klein contained in the application, and her declarations to the medical examiner, were not warranties, but representations only, and, if false, would not affect the validity of the policy unless they related to statements material to the risk and were fraudulently made with intention to deceive; and unless they found that such false statement had been made with such intention to deceive, the verdict should be for the plaintiff; and also instructed the jury that, even though the statement that she had consulted no physician was false, the policy would not thereby be avoided, unless the jury further found that in making such statement she had not made the answer in good faith.

As we view the case, it is not necessary for us to determine whether the statements and declarations contained in the application are warranties, or representations only, as the latter term is used to distinguish statements and declarations that are express warranties from those which are not. For the purpose of determining this case, it will be assumed that by virtue of the clause in the policy which recites that "in consideration of the *representations* made in the application for this policy," the company "does hereby promise and agree," etc., the statements and declarations contained in the application are made representations, and not express warranties. A false statement or declaration of a fact material to

the risk, and upon which the policy is based, will avoid the policy, whether that misrepresentation be the result of intention or of mistake, and whether made in good faith or not so made. Such misrepresentation is as fatal to the policy as a breach of warranty.—1 May on Insurance, sec. 181; 3 Cooley's Briefs on Law of Insurance, pp. 1950a to 1954d; *Trav. Ins. Co. v. Lampkin,* 5 Colo. App., 177-183, 38 Pac., 335; *Sun Fire Office v. Wich,* 6 Colo. App., 103, 39 Pac., 587; *Des Moines Life Assn. v. Owen,* 10 Colo. App., 131, 134, 50 Pac., 210; *Nat. Mut. Fire Ins. Co. v. Duncan,* 44 Colo., 472, 476, 98 Pac., 634, 20 L. R. A. (N. S.), 340; *Northwestern L. A. Co. v. Tietze,* 16 Colo. App., 205, 64 Pac., 773; *Am. Bond & Trust Co. v. Burke,* 36 Colo., 49, 58, 85 Pac., 692; 2 Cooley's Briefs on Law of Insurance, p. 1166. The foregoing authorities, including the decisions of the highest courts of this state, we regard as conclusive on the proposition that if representations made in answer to specific questions material to the risk are untrue, the policy will thereby be rendered void, and that it is immaterial whether such answers be considered warranties or representations, or whether they were made with intention to deceive the insurer or without such intention.

In our opinion, no inquiry was made in the instant case, or can be made, more material to the risk and more essential to properly advise the company contemplating or considering the issuance of a policy, and which would more probably influence it in determining whether it would enter into the contract, than the question as to whether the applicant had consulted a physician, or what physician she had consulted. It is in evidence that this answer was relied on by the company in approving the application. If the applicant had truthfully answered that she had consulted and been treated by Dr. Lefcowitch, inquiry could have been made of him, and it will be presumed that the company would have been informed

that he had diagnosed her case as carcinoma of the liver and had so treated it, and there is little reason to doubt that such information would have so influenced the defendant in this case that it would have declined the application. It appears that the applicant had not been advised, by the doctor she consulted, of the gravity of her ailment or disease as diagnosed by him; but the fact of the consultation of a physician or its materiality does not depend upon the gravity of the subject of the interview as regarded by the patient; and while such a representation may at times be found and held to have been immaterial to the risk, and if false not prejudicial because the consultation was in fact, both from the viewpoint of the patient and of the physician consulted, for a merely temporary ailment, that fact cannot avail plaintiff in this case, where the materiality of the representation has been so fully and conclusively shown by the evidence. That statements to consultations of or attendance by physicians under such circumstances are material to the risk, and if false avoid the policy to the same extent as if they had been express warranties, is supported by both reason and authority.—25 Cyc., 801, 806; 2 Cooley's Briefs on Law of Insurance, p. 1166; *Metropolitan Life Ins. Co. v. Brubaker,* 78 Kan., 146, 96 Pac., 62, 18 L. R. A. (N. S.), 362, 130 Am. St. Rep., 356, 16 Ann. Cas., 267; 3 Cooley's Briefs on Law of Insurance, p. 2156a; *Rigby v. Metropolitan Life Ins. Co.,* 240 Pa., 332, 87 Atl., 428; *Owen v. Metropolitan Life Ins. Co.,* 74 N. J. Law, 770, 67 Atl., 25, 122 Am. St. Rep., 413; *Bryant v. Mod. Woodmen,* 86 Neb., 372, 125 N. W., 621, 27 L. R. A. (N. S.), 330, 21 Ann. Cas., 365; *Schwarzbach v. Ohio Val. Protective Union,* 25 W. Va., 622, 52 Am. Rep., 227; *Kasprzyk v. Metropolitan L. I. Co.,* 79 Misc. Rep., 263, 140 N. Y. Supp., 211; *Trav. Ins. Co. v. Lampkin,* 5 Colo. App., 177, 38 Pac., 335; 3 Cooley's Briefs on Law of Insurance, pp. 1953c, 1959; *Mattson v. Mod. Samaritans,* 91 Minn., 434, 98 N. W., 330.

There should be no deviation from this rule as to untrue answers in an application in regard to matters material to the risk and which are within the knowledge of the applicant.

The instruction that the false representation of a matter material to the risk would not avoid the policy, unless made with intention to deceive and defraud the insurer, was erroneous.—2 Cooley's Briefs on Law of Insurance, p. 1166, and cases cited. The contention made by appellee that this instruction was cured by another, or others, is untenable. That feature or phase of the first instruction was aggravated by other instructions, except in so far as the second instruction was diametrically opposed to and inconsistent with the first, and in so far as those two instructions are inconsistent and irreconcilable with each other, and one of them wrong, they make the instructions bad as a whole.

The representations as to her age and consultation of physicians were of matters presumably within the personal knowledge of the applicant (the first approximately), and were so grossly false that, whether attributed to ignorance so dense as to be almost incredible, or to an intention and design to deceive and defraud, being material, they constituted fraud in law. The first misrepresentation, by the terms of the contract, defeated the policy *pro tanto,* the other in its entirety.

In view of the conclusion we have reached, that a material false representation made by the insured to the insurer was shown by uncontradicted evidence, it was error to submit that question to the jury as a question in dispute.—*Des Moines Life Ass'n v. Owen,* 16 Colo. App., 60, 63 Pac., 781; *City of Denver v. Murray,* 18 Colo. App., 142, 70 Pac., 440; *Weston v. Livezey,* 45 Colo., 142, 100 Pac., 404; *Webster v. Rhodes,* 49 Colo., 203, 112 Pac., 324.

The judgment is reversed, and cause remanded with instructions to enter judgment for the defendant.

*Reversed.*