CHARLES McNAMARA v. JOHN PENGILLY.[1]

June 2, 1896.

Nos. 9922—(89).

**Vendor and Purchaser—Demand for Deed—Rescission.**

Certain inquiries, from time to time, as to when a deed would be delivered, and requests that the same be delivered, *held* not to amount, under the circumstances, to a demand for the same, so as to entitle the vendee, who had acquiesced in delay, to rescind for failure to execute and deliver such deed.

**Opinion on Former Appeal.**

When the evidence is different on a second trial, the opinion on a former appeal, reviewing the former trial, is the law of the case only so far as applicable.

[1] Reported in 67 N. W. 661.

**Vendor and Purchaser—Demand and Refusal of Deed—Tender.**

Under the terms of an ambiguous verbal contract, it was doubtful whether the vendor was to convey or cause a third party to convey. The vendee acquiesced in delay for a considerable length of time, and then, without making any sufficient demand for a conveyance, brought an action to recover back the purchase money paid by him, and in his complaint alleged that the defendant agreed to convey or cause to be conveyed to him the land in question. Thereupon the defendant caused the third party to make a conveyance, which the plaintiff refused to accept, not because it came from such third party, but because he claimed he had rescinded. That action was dismissed, and this one subsequently commenced to recover back such purchase money. The court charged the jury that, if the contract was that the vendor should procure title in himself, and execute the deed to plaintiff, then plaintiff was not obliged to accept the deed of the third party, and was entitled to recover. *Held* error, for the reason that if defendant was misled by plaintiff's assertion that the deed of the third party would be a performance of the contract, defendant's tender of such deed did not, under the circumstances, amount to an implied refusal on his part to procure title in himself and convey to plaintiff.

**Notice to Produce—Evidence.**

Plaintiff served notice on defendant to produce a certain letter on the trial. Defendant refused to produce it, and the court held that notice was not given a sufficient length of time before trial to enable defendant to produce it. Thereupon the written notice containing the alleged contents of the letter was received in evidence. *Held* error; that such a notice may be produced to the judge, but not received in evidence, which means that it may and does go to the jury.

**Exceptions to Refusal to Charge.**

Rule applied that, where there is but a single exception to the refusal of the court to give several requests, and some of the requests are properly refused, the exception is not well taken.

Appeal by defendant from an order of the district court for St. Louis county, Charles L. Lewis, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $1,303.33. Reversed.

*Draper, Davis & Hollister,* for appellant.

*Wm. B. Phelps,* for respondent.

CANTY, J. Most of the facts necessary to an understanding of this case are recited in the opinion on the former appeal. See 58 Minn. 353, 59 N. W. 1055. The case has since been retried. Plaintiff again obtained a verdict, and from an order denying a new trial

defendant again appeals. With a few exceptions the evidence was the same on the last trial as on the former one.

1. We held on the former appeal that if by the agreement of the parties the deed to plaintiff was to come from Kinney, and not from defendant, plaintiff cannot recover without proof of a demand made on defendant that Kinney furnish the deed. It is claimed by respondent that on the last trial there was evidence that such a demand was made before the first action was brought. We fail to find any such evidence. Plaintiff testified that he asked Pengilly for the deed a great many times. But, taking all of his testimony together, it clearly appears that, as stated in the former opinion, his requests for a deed were "not in the nature of a formal demand, or as indicating that, if not forthcoming, he should elect to rescind, and recover back his purchase money, but rather as indicating his intention to abide by the contract, and an anxiety to take the conveyance notwithstanding the delay." Then it was error for the court in the charge to leave it to the jury to determine from this evidence whether or not a sufficient demand had been made.

2. It was held on the former appeal that the court correctly charged the jury that, if they "found the agreement to have been that the deed was to come from defendant himself, not from Kinney, the plaintiff was entitled to a verdict, because he was not obliged to accept a deed executed by any other person." The court charged the same, in substance, on the last trial, and this is assigned as error. If, as regards this point, the evidence was the same on the last trial as on the former one, the question would be settled by the former opinion, which is "the law of the case" as far as applicable. But the evidence was substantially different on the last trial.

Plaintiff brought such prior action to recover back the same $1,000 from defendant. Further than this the nature of the complaint in that action did not appear on the former trial. But that complaint was introduced in evidence on the last trial. It alleges "that on or about the 26th day of February, 1890, this plaintiff and said defendant made and entered into a contract by the terms of which the said defendant agreed to convey or cause to be conveyed" to plaintiff the land in question. It further alleges the payment by plaintiff of the $1,000 purchase price, a demand for a conveyance, and the refusal of defendant to convey or cause to be conveyed. Within

64 M.—35

about 14 days after that action was commenced the deed of Kinney was handed or sent to plaintiff, who refused to accept the same, not on the ground that he was entitled to a deed direct from defendant, but, it would rather seem, on the ground that it was too late for defendant to tender any deed at all, as the contract had been rescinded, and plaintiff would accept nothing but a return of the purchase money. The bringing of that action amounted at least to an assertion that the former status of indefinite delay was terminated, and that defendant must thereafter use reasonable diligence to perform. But it also amounted to an assertion that by the terms of the contract (which was a very indefinite one, partly verbal and partly written) defendant could convey or cause to be conveyed. The defendant offered to do the latter. We are not ready to hold that, if plaintiff was mistaken as to what the terms of his contract in this respect were, he was still irrevocably estopped by the allegations of that complaint from asserting the truth, or from claiming that he was entitled to a deed direct from defendant. But we do hold that if plaintiff had, by his conduct, misled defendant, and induced him to offer to plaintiff the deed executed by Kinney, this offer did not, under the circumstances, amount to an implied refusal by defendant to procure title in himself and deed direct to plaintiff. Neither can plaintiff, after misleading defendant, take advantage of the further delay or neglect of defendant occurring after he was so misled and before plaintiff sets him right. Plaintiff did not give as his ground, or one of his grounds, for refusing to accept the deed, that it came from Kinney, and not directly from defendant; so that he did not set himself right when refusing to accept the Kinney deed. Then the portion of the charge above referred to was erroneous, and, even though the contract was that defendant should procure title and deed direct to plaintiff, the latter was not entitled to recover if he had in fact misled defendant; and whether or not he had so misled defendant was a question for the jury.

3. Fifteen minutes before the commencement of the trial plaintiff served on defendant a notice to produce on the trial a certain letter written by the plaintiff to defendant. On the trial the defendant refused to produce the letter in question, and the court held that plaintiff's notice was not served a sufficient length of time before trial to enable defendant to produce the letter. But, against de-

fendant's objection and exception, the notice, containing a full statement of the alleged contents of the letter, was received in evidence. This was error. Such a notice may be produced to the judge, but should not be offered or received in evidence, which means that it may and does go to the jury.

4. Defendant assigns as error the refusal of the court to give a large number of requests, but he has taken no proper exception to such refusal, as he has taken but one exception to the refusal to give the first four requests, some of which are not correct law as applied to the case, and the same may be said of his single exception to give his last four requests.

These are all the questions raised worthy of consideration, and the order appealed from is reversed, and a new trial granted.