C. H. SOURS v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 13, 1900.

Nos. 12,435—(38).

| 81 | 337 |
| s84 | 231 |
| 84 | 232 |

**Personal Injury—Offer of Evidence—Judgment notwithstanding Verdict.**

Where, in a personal injury action, it appears that a failure on plaintiff's part to establish defendant's negligence, and a failure to relieve himself of a charge of contributory negligence, may have resulted from a ruling upon defendant's objection to the reception of testimony tending to show the existence of a certain usage or custom, the latter cannot be allowed to profit by such ruling upon a motion for judgment notwithstanding the verdict.

**Same—Motion Denied.**

*Held*, that the trial court did not err when it denied defendant's motion for judgment notwithstanding the verdict.

Action in the district court for Ramsey county to recover $15,000 for personal injuries. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiff for $10,000. On defendant's motion for judgment notwithstanding the verdict or for a new trial, the court made an order denying judgment, but granting a new trial. From this order defendant appealed. Affirmed.

*C. Wellington*, for appellant.

*S. C. Olmstead*, for respondent.

COLLINS, J.

Plaintiff, while in defendant's employment as a yard agent at Como, was run down one evening about dark by a moving caboose, and brought this action to recover damages.

By the complaint, his right to recover was made to depend upon the existence of a rule, usage, or custom of defendant to operate and move its cars in the yard where plaintiff was injured with an employee upon the front end of the "cut," consisting of one or more cars, and, at night, with a light upon such front end; the object and

[1] Reported in 84 N. W. 114.

purpose of the rule, usage, or custom being not only to control the speed and movement of the cut, but to give warning of its approach to yard employees. The yard used for making up trains was what is known as a "gravity," the descent being to the east; and the caboose which struck the plaintiff was, with another, dropping in that direction by the force of gravitation. At the trial plaintiff failed to show any printed rule of the character alleged. In fact, the only printed rule which was offered in evidence excepted, probably, cars and cabooses while in this yard, and while being handled for the making up of trains, and this rule was well known to plaintiff.

It therefore became material, according to the views of counsel for each party, for plaintiff to show the existence of the usage or custom independent of any printed rule; the object being to fasten upon defendant the charge of negligence, and at the same time to relieve plaintiff of apparent contributory negligence, which would, without regard to defendant's neglect, prevent him from recovering. For this purpose plaintiff and other witnesses testified as to a usage and custom, of long standing, to station a man upon each cut of one or more cars, that he might control its movements, regulate its speed, prevent collisions, and finally check and stop it at the proper place. But this man always took position, according to the evidence, at the brake, wherever it might be, and on box cars, which have but one brake, he might be at the front end, as the car moved, or at the rear. It depended upon the location of the brake. The allegation in the complaint as to the man being always stationed upon the front end of every moving car, or cut of cars, was not established by the evidence, nor was any attempt made to show that a light was always, or at any time, placed on the front end after dark.

What the result of this appeal might be if plaintiff's counsel had made no further effort to show the usage or custom we need not consider, for it seems unnecessary. One of the purposes for which a man was stationed on the front end of the car was, according to the allegations of the complaint, to give warning of its approach, presumably to persons who might be in danger, and counsel offered to show, by a proper question, that it had been the "habit, custom,

and method," when doing business in this yard, for men in charge of moving cars to give warning of their approach to the plaintiff as he was passing over the tracks or was in the vicinity of such tracks. To this question defendant's counsel objected, upon the ground of its irrelevancy and immateriality, and the objection was sustained. We cannot understand why an answer to the interrogatory was immaterial or irrelevant. It was admissible under the pleadings, for there was no fatal variance between the allegation that the man always stood at the front of the car and the proof that he sometimes stood there and sometimes at the rear, the location of the brake controlling his position; and there was an allegation, as well as proof, that one of the objects of this usage or custom was that warning of the approach of a moving car might be given to persons at work about the yard. Why, then, was it improper to show that a usage and custom had grown up therein for the man in charge, no matter where he stood, whether at a brake in front or at a brake in the rear of the car, to give warning of its approach to plaintiff, as, in the performance of his dangerous duties as clerk, he went over and across the many tracks which abounded in this yard? And it is obvious that it was not immaterial or irrelevant to show exactly what plaintiff's counsel was endeavoring to elicit by means of the question. As the evidence stood, the plaintiff could not recover at all without affirmative proof upon this point.

If there had obtained in this yard a usage or custom to have warnings given by a man somewhere upon the car, or cut of cars, of its approach, it was negligence on the part of defendant to drop the car in question upon plaintiff without any warning whatever of its proximity; and it makes no difference, when considering the usage or custom, whether the man who was to give the warning stood at the front or the rear of the moving car. It was the warning itself which was of consequence, not the exact position of the man who gave it. His opportunity for observing persons in danger would be greater if he stood at the front of the car than it would be if he stood forty or fifty feet to the rear, but the warning was the valuable thing; so, without regard to the position of the man whose duty it was to give a warning signal, if such a usage or custom prevailed, it was not negligence upon plaintiff's part to rely upon such

a signal, and to act upon the supposition that it would be given. The plaintiff would be justified in the belief that there would be no omission or neglect of duty in this respect. Hooper v. Great Northern Ry. Co., 80 Minn. 400, 83 N. W. 440.

It is true that plaintiff failed to show such a usage or custom, but he attempted so to do, and was met by a ruling solicited and procured by defendant's counsel. The latter cannot be allowed to profit by such ruling. If plaintiff failed to establish defendant's negligence at the trial, or if he did not free himself of the charge of contributory negligence, and an answer to the question referred to would have done either of these things, defendant's counsel is not in position to urge this particular failure as a reason for reversing the court below, and ordering judgment in favor of his client. For this reason, if for no other, the court below did not err when it denied the motion for judgment notwithstanding the verdict.

Order affirmed.