C. H. SOURS v. GREAT NORTHERN RAILWAY COMPANY.[1]

February 13, 1903.

Nos. 13,218—(96).

**Personal Injury—Contributory Negligence.**

*Held,* in this a personal injury action, that the trial court correctly directed a verdict for the defendant, for the reason that the evidence conclusively established the contributory negligence of the plaintiff.

Action in the district court for Ramsey county to recover $15,000 for personal injuries. The case was tried before Otis, J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*S. C. Olmstead* and *H. F. Stevens,* for appellant.

*C. Wellington,* for respondent.

START, C. J.

Action to recover for personal injuries sustained by the plaintiff by reason of the alleged negligence of the defendant. On the trial, at the close of the evidence, the trial court directed a verdict for the defendant. The plaintiff appealed from an order denying his motion for a new trial.

The sole question for decision is whether the evidence conclusively established the plaintiff's contributory negligence. A brief statement of the history of the case in this court will aid in solving the question. On the first trial of the cause the plaintiff had a verdict for $10,000, and on the defendant's alternate motion for judgment notwithstanding the verdict, or for a new trial, the district court made its order denying the motion for judgment, but granted a new trial. The defendant appealed, and the order was affirmed by this court. Sours v. Great Northern Ry. Co., 81 Minn. 337, 84 N. W. 114. The second trial of the action resulted in a verdict for the plaintiff for $7,500, and the defendant appealed from an order denying its motion for judgment or a new trial. The result of the appeal was that this court held that the plaintiff's contributory negligence was conclusively established.

[1] Reported in 93 N. W. 517.

Sours v. Great Northern Ry. Co., 84 Minn. 230, 87 N. W. 766. Ref-
erence is here made to the opinion on the second appeal for a full
statement of the facts of this case.

The specific act of negligence on the part of the defendant relied
upon by the plaintiff on the second trial was that it was the cus-
tom of the defendant to station a man on the front end of caboose
cars as they were dropped down and through the gravity yard
in which the plaintiff was injured, so as to control them, and to
warn such of the defendant's employees as might be upon the
tracks of the approach of the cars, and that, as the plaintiff was
standing on or near one of the tracks in the yard for the purpose
of handing a lantern to a conductor of a passing freight train, an
unmanned caboose car was negligently sent down the track, in
violation of the custom, which struck and injured him. It was,
however, held that he was not justified in relying wholly upon an
observance of the alleged custom, and closing his eyes to obvious
and appreciated dangers, and that, if he had exercised ordinary
care, he could and would have learned of and avoided the danger
to which he was exposed by the nonobservance of the custom.
It was therefore held that his contributory negligence was con-
clusively established. For this reason the order appealed from
was reversed, and a new trial granted. This ruling is the law of
this case, unless a different state of facts was presented by the
evidence on the third trial.

It is the claim of the plaintiff that on the last trial new evidence
was introduced, tending to establish, in addition to the facts
appearing on the second trial, the invariable custom of the defend-
ant, during the whole period of plaintiff's service, of stopping the
cabooses sent down the yard one hundred feet from the point
where he stood when he was injured, and, further, that this cus-
tom was not observed at the time he was injured, but, on the con-
trary, the car was permitted to run down the gravity track beyond
the usual place where cars were stopped until he was struck by it.
The failure to observe this alleged custom as to the stopping of
the cars is the specific negligence now relied upon to establish the
defendant's liability.

Conceding that the new evidence established all that the plain-

tiff claims for it, we are unable to see how it differentiates this appeal, so far as any questions of law are involved, from the second appeal, wherein we held that, if the plaintiff had used due care, he would have observed that the approaching caboose did not have a brakeman on its front end, as was the usual custom, and that he was guilty of contributory negligence in not exercising such care. If, as we have held, the plaintiff, by the exercise of ordinary care, would have been advised that the caboose was coming down the gravity track without any one on its front to control its movements and give notice of its approach, he would have been just as clearly advised thereby that it might not stop at the usual place as he was that the law of gravitation was relentless and ceaseless in its operation. It is obvious that he had far less reason to rely upon an alleged custom to stop the cars at the particular place than on the custom to place a man upon their front to control them and give warning to persons working in the yard. Therefore, without restating or discussing the facts in detail, we hold, following the decision made on the second appeal herein, that the trial court correctly directed a verdict for the defendant.

Order affirmed.