ROY L. BRAUCHT v. GRAVES-MAY COMPANY.[1]

December 8, 1905.

Nos. 14,583—(37).

**Second Appeal.**
 The decision of a former appeal, reviewing a former trial of an action, is the law of the case on an appeal reviewing a second trial, if the evidence was substantially the same on both trials.

Appeal by plaintiff from an order of the district court for Hennepin county, Pond, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of defendant. Affirmed.

*Bond & Armstrong,* for appellant.
*F. E. Latham* and *James C. Tarbox,* for respondent.

ELLIOTT, J.

This is an appeal from an order denying a motion for judgment for the plaintiff notwithstanding the verdict or for a new trial.

The plaintiff, a young man under twenty-one years of age, brought the action to recover from the defendant the sum of $635, which he claimed that he delivered to the defendant to be by it invested in the purchase of wheat on margins; that is, in wagers on the future price of wheat. The defendant admitted that it received the money, but alleged that the plaintiff employed it to use the money to purchase for him wheat for future delivery. The controversy was as to the nature of the contract. The plaintiff contended that it was a gambling transaction, and the defendant that it was a legitimate contract for the purchase and sale of actual wheat. The case came to trial, and a verdict was rendered in favor of the defendant. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, the plaintiff appealed to this court, where a new trial was granted for errors of law contained in the charge to the jury. 92 Minn. 116, 99 N. W. 417.

[1] Reported in 104 N. W. 1089; 106 N. W. 112.

In the opinion on the former appeal the court said: "The evidence is conclusive that the plaintiff was an infant during the time covered by his dealings with the defendant, that he paid to and deposited the money with the defendant, and that he attempted to rescind, and did in fact demand that his money be returned to him. But these facts, standing alone, do not entitle him as a matter of law to the return of his money. Whether he is entitled to a return of the money depends upon the character of the contracts between him and the defendant, a matter which was at issue." The court, in view of the fact that there must be a new trial, did not comment upon the evidence, but said: "We have considered it, and upon the whole record we are of the opinion that the plaintiff was not entitled to a directed verdict, and that the motion for judgment was properly denied."

The case, after a second trial with the same result, comes now before us upon substantially the same evidence. The previous decision established the law of the case, and the trial court submitted the issues to the jury in conformity to the law as thus announced. This court having held that the facts made a proper case for the jury, the trial court properly left to them two issues: (1) Was the contract between the plaintiff and defendant a gambling transaction? and (2) if it was not, then was it a fair, reasonable, and provident contract, and free from fraud or overreaching on the part of the defendant. By the verdict the jury found that the contract was not a gambling transaction, and that it was a fair, reasonable, and provident contract. However much we might be inclined to another conclusion, the issue was, under the prior decision of the court, for the jury, and their finding is conclusive. Upon the first question two juries have reached the same conclusion upon substantially the same evidence. Under the circumstances the former opinion became the law of the case, and the rule is that the decison of a former appeal reviewing a former trial of an action is the law of the case on an appeal reviewing a second trial, if the evidence was substantially the same on both trials. McNamara v. Pengilly, 64 Minn. 543, 67 N. W. 661; Nelson v. Charles Betcher Lumber Co., supra, page 76; 5 Current Law, 234.

We find no prejudicial error in the instructions.

The order appealed from is therefore affirmed.

On March 9, 1906, the following opinion was filed:

PER CURIAM.

A reargument of this case having been granted, we have examined anew the questions involved and find no reason for changing the conclusions reached in the former opinion, which is therefore adhered to.