JOHN STREET v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

July 2, 1915.

Nos. 19,298—(172).

**Law of the case — evidence.**

1. A decision on a former appeal is the law of the case; and evidence *held* sufficient to sustain a verdict on a first appeal is sufficient on the second.

[1] Reported in 153 N. W. 518.

---

Note.—The authorities passing upon conclusiveness of prior decisions on subsequent appeals are reviewed in a note in 34 L.R.A. 321.

**Questions for jury.**

2. Applying this rule it is *held* that it was a question for the jury whether defendant violated G. S. 1913, § 4399 (R. L. 1905, § 2031), in *failing to* stop its train at a station a sufficient length of time, and whether the plaintiff was guilty of contributory negligence in attempting to alight while the train was moving.

Action in the district court for Goodhue county to recover $3,000 for personal injury received while alighting from defendant's train. The case was tried before Johnson, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $933.33. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*F. M. Wilson, F. W. Root* and *Nelson J. Wilcox,* for appellant.

*C. P. Carpenter* and *A. J. Rockne,* for respondent.

DIBELL, C.

Action to recover damages for personal injuries; verdict for the plaintiff; defendant appeals from the order denying its alternative motion for judgment or for a new trial.

1. This case was here before and is reported in 124 Minn. 517, 145 N. W. 746. The general facts explanatory of the case may be found there. A decision made upon a former appeal is the law of the case. Orr v. Sutton, 127 Minn. 37, 148 N. W. 1066, and cases cited; and evidence held sufficient to sustain a verdict on a first appeal is sufficient on a second appeal. Webber v. Axtell, 110 Minn. 52, 124 N. W. 453, 1 Dunnell, Minn. Dig. § 398.

2. On the former appeal it was held that whether the defendant violated the duty fixed by G. S. 1913, § 4399 (R. L. 1905, § 2031), and whether the plaintiff was guilty of negligence in attempting to alight from the train while it was in motion, were under the evidence questions for the jury. There is additional evidence in this case, but it goes no further than to accentuate the dispute between the parties. Applying the law of the former case the verdict should stand.

Order affirmed.