## CHARLES A. IKENBERRY v. NEW YORK LIFE INSURANCE COMPANY.[1]

November 17, 1916.

Nos. 19,980—(126).

**Life insurance — former decision followed.**

1. Former decision in this case upon the question of the sufficiency of the evidence to justify a verdict for plaintiff followed and applied as the law of the case. 127 Minn. 215.

**Charge to jury.**

2. The record presents no reversible error in the rulings of the court or in its instructions to the jury.

[1]Reported in 159 N. W. 955.

After the former appeal reported in 127 Minn. 215, 149 N. W. 292, the case was tried before Fish, J., and a jury which returned a verdict for $6,320.83. From an order denying its motion for judgment notwithstanding the verdict, defendant appealed. Affirmed.

*James H. McIntosh* and *Brown & Guesmer,* for appellant.

*M. H. Boutelle* and *N. H. Chase,* for respondent.

BROWN, C. J.

This action was brought to recover on a life insurance policy, alleged to have been issued by defendant upon the life of Mary E. Cook. Defendant denied the insurance contract, and all material allegations of the complaint were thus put in issue. Plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment or a new trial.

There was a former trial of the action as a result of which a prior appeal was presented to this court and is reported in 127 Minn. 215, 149 N. W. 292. That was an appeal from an order denying defendant's motion, after verdict for plaintiff, for judgment notwithstanding the verdict, or a new trial. The order of the trial court denying the motion for judgment was affirmed, but a new trial was granted for error in the exclusion of material evidence. Defendant there raised in support of the contention that the trial court erred in denying its motion for judgment notwithstanding the verdict the same questions it now presents in support of the same contention on this appeal. The questions were all fully considered on the former appeal and there decided adversely to defendant. It was then held that the evidence then before the court made each of the questions issues of fact for the consideration of the jury. Upon this holding the order of the trial court denying the motion for judgment was expressly affirmed.

1. The former decision constitutes the law of the case and must be applied to the present appeal, unless the evidence now presented is so substantially different as to require the opposite conclusion. This is settled law in this state. 1 Dunnell, Minn. Dig. § 398; Sours v. Great Northern Ry. Co. 88 Minn. 504, 93 N. W. 517; Hibbs v. Marpe, 84 Minn. 178, 87 N. W. 363; Braucht v. Graves-May Co. 96 Minn. 387, 104 N. W. 1089, 106 N. W. 112; Raasch v. Elite Laundry Co. 102 Minn. 507, 112

N. W. 1141; Palmer v. Mutual Life Ins. Co. of New York, 121 Minn. 395, 141 N. W. 518, Ann. Cas. 1914D, 160; Street v. Chicago, M. & St. P. Ry. Co. 130 Minn. 246, 153 N. W. 518. A careful examination of the record discloses no substantial change in the evidence. While new evidence was offered and received on the last trial, its effect was only to emphasize defendant's contention that no contract of insurance was ever entered into by the parties, and is not such as to require a change in the former conclusion that the evidence, taken as a whole, presented issues of fact for the jury. We therefore follow the former decision as the law of the case.

2. We come then to the only remaining question, namely, whether any errors were committed on the trial of a character to justify another trial of the action. We find no such errors. There was no sufficient foundation for the admission in evidence of the telegram purporting to have been sent to defendant's agent Harris by the insured, and its exclusion was not error. There was no evidence of authorship by the insured or that she was the sender of the message. Burt v. Winona & St. Peter R. Co. 31 Minn. 472, 18 N. W. 285, 289, 2 Notes on Minn. Reports, 540; Adams v. Mille Lacs Lumber Co. 32 Minn. 216, 19 N. W. 735. Nor was there error in the exclusion of Exhibit E, nor in any of the other rulings in the admission or exclusion of evidence. The charge of the court taken as a whole was a fair and impartial presentation of the case to the jury, and the exceptions to portions thereof present no ground for a new trial.

Order affirmed.