### JAMES S. McCARTY v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY AND ANOTHER.[1]

May 16, 1924.

No. 23,944.

**Decision on former appeal followed.**
Decision on former appeal, McCarty v. Chicago, M. & St. P. Ry. Co. 154 Minn. 350, adhered to as the law of the case.

After the former appeal reported in 154 Minn. 350, 191 N. W. 819, the case was tried before Callaghan, J., who when plaintiff rested and at the close of the testimony denied defendants' motions for a directed verdict, and a jury which returned a verdict for $3,500. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*F. W. Root, C. O. Newcomb* and *A. C. Erdall*, for appellants.
*John R. Foley* and *Samuel A. Anderson*, for respondent.

[1]Reported in 198 N. W. 814.

STONE, J.

After the second trial of this case and a verdict against it, defendant appeals from the order denying its blended motion for judgment notwithstanding or a new trial.

On the first trial a verdict was directed for defendant on the ground that, as a matter of law, plaintiff was guilty of contributory negligence in not discovering the approach of the passenger train which ran into his motor truck at a highway crossing. There was an appeal and a reversal here, this court then being of the opinion that it was error to direct a verdict for defendant and that a jury should have been permitted to pass upon the question of contributory negligence. McCarty v. Chicago, M. & St. P. Ry. Co. 154 Minn. 350, 191 N. W. 819.

There is no occasion now to restate the facts. The second trial did not materially change the situation. Although defendant's position is stronger, plaintiff's case remains substantially the same as on the former appeal. The decision therein is the law of the case and now controls its decision. Therefore, there must be an affirmance.

At the conclusion of the second trial, the learned trial judge was still of the opinion that plaintiff was guilty of contributory negligence as a matter of law, but held himself bound by the former decision.

Some of us feel that the case was wrongly decided on the first appeal, believing that the decision should have been controlled by the rule of Marty v. Chicago, St. P. M. & O. Ry. Co. 38 Minn. 108, 35 N. W. 670; Anderson v. Great North. Ry. Co. 147 Minn. 118, 179 N. W. 687, and Jensen v. Minneapolis, St. P. & S. S. M. Ry. Co. 154 Minn. 414, 191 N. W. 908. But that argument is unavailing now. Right or wrong, the former decision settles the question of contributory negligence for this case and, under the familiar principles which control such a situation, it cannot be departed from. Orr v. Sutton, 127 Minn. 37, 148 N. W. 1066, Ann. Cas. 1916C, 527; Street v. Chicago, M. & St. P. Ry. Co. 130 Minn. 246, 153 N. W. 518.

Order affirmed.