BENJAMIN T. GOLDMAN v. JOHN W. CHRISTY AND OTHERS.[1]

December 11, 1925.

No. 24,875.

**Law of the case.**

The decision of the first appeal becomes the law of the case and controls the determination of a second appeal if no new facts were established at the second trial.

See Appeal and Error, 4 C. J. pp. 1093, 1095, § 3075.

[1]Reported in 206 N. W. 392.

After the former appeal reported in 155 Minn. 91, 192 N. W. 360, the case was tried before Bardwell, J., who ordered judgment in favor of defendants. Plaintiff appealed from the judgment. Affirmed.

*George S. Grimes,* for appellant.

*Fowler, Carlson, Furber & Johnson* and *Walter S. Whiton,* for respondents.

LEES, C.

This is a second appeal, the decision in the first being reported in 155 Minn. 91, 192 N. W. 360, where the facts are fully stated. No new facts were established at the second trial, hence the case is controlled by the former decision unless it is overruled.

The correctness of the decision is questioned, it being contended by plaintiff's counsel that, if effect be given to the rule of law announced in the opinion, the obligation of the contract between the plaintiff and the Minneapolis Copper Company will be impaired. It is argued that, when the contract was made, the law gave plaintiff a remedy for the enforcement of the contract which the decision takes away, substituting therefor an equitable remedy which is less efficacious, thus violating section 11, article 1, of the state Constitution and section 10, article 1, of the Federal Constitution. An examination of the brief for plaintiff on the former appeal shows that the same contention was made. In passing upon it, the court said:

"Where no method of enforcement is provided in the state of corporate domicile, and no judgment is involved, we know of no provision of the Federal Constitution which imposes on a foreign state, any particular method of enforcement, so long as that state affords a remedy by some due process of law, and gives to all creditors equal protection of its laws. Willis v. Mabon, 48 Minn. 140, 154, 50 N. W. 1110, 16 L. R. A. 281, 31 Am. St. 626. In our opinion our laws are adequate to meet all constitutional requirements. A statutory method of enforcement which antedates the creditor's contract surely does not impair the obligation of the contract."

. It is a well settled rule of law that the decision of the first appeal becomes the law of the case and controls the determination of a second appeal if no new facts are established. Orr v. Sutton, 127 Minn. 37, 148 N. W. 1066, Ann. Cas. 1916C, 527; Street v. C. M. & St. P. Ry. Co. 130 Minn. 246, 153 N. W. 518; McCarty v. C. M. & St. P. Ry. Co. 159 Minn. 339, 198 N. W. 814.

On this appeal the constitutional point raised is discussed at greater length and authorities not referred to on the previous appeal are cited. In short, the brief is largely in the nature of a reargument of the constitutional question. It appears that the plaintiff made no application for a reargument after the filing of the opinion on the previous appeal. He might have done so and made the same argument as he makes now, but he is no longer in a position where he can raise the same question and have it considered as though it were here for the first time. We must decline to re-examine the question and adhere to the decision already made.

Judgment affirmed.