LEO NEES AND ANOTHER v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

March 22, 1946.

No. 34,065.

[1]Reported in 22 N. W. (2d) 164.

See, 218 Minn. 532, 16 N. W. (2d) 758.

*Ralph T. Boardman* and *John F. Dulebohn,* for appellant.

*O. A. Brecke* and *E. T. Chesnut,* for respondents.

MATSON, JUSTICE.

Appeal from an order denying defendant's alternative motion for judgment or a new trial in an action for damages to plaintiffs' automobile truck arising out of a collision with a streetcar at a street intersection in Minneapolis.

On a prior appeal from an order denying plaintiffs' motion for a new trial after the court had directed a verdict for defendant at the close of plaintiffs' case, a new trial was granted. Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 16 N. W. (2d) 758.

In the instant case, defendant as well as plaintiffs presented evidence, and the resulting disputed issues of fact were submitted to the jury, which brought in a verdict for plaintiffs. Taking the view of the evidence, as we must on this appeal, in the light most favorable to the verdict, the facts are substantially the same as those stated in the former opinion, and no purpose would now be served by a restatement.

All questions here involved were determined on the former appeal. It is a well-settled rule that decision on the first appeal becomes the law of the case and controls the determination on a second appeal if no new facts are established. Goldman v. Christy, 165 Minn. 237, 206 N. W. 392. In State v. Prickett, 221 Minn. 179, 182, 21 N. W. (2d) 474, 475, we held:

"* * * Where a question of law is decided on appeal, it becomes the law of the case, which the trial court is bound to follow

on a new trial and the appellate court will not reëxamine on a subsequent appeal. * * * The rule is not limited to any particular kind of legal questions."

See, 1 Dunnell, Dig. & Supp. § 398, and cases cited in notes. The trial court applied with substantial correctness the law of the case as determined on the former appeal, and we find no prejudicial error.

Affirmed.