*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0022**

St. Paul Park Refining Co., LLC,
Respondent,

vs.

Brian Domeier,
Appellant.

**Filed January 8, 2024
Affirmed
Segal, Chief Judge**

Washington County District Court
File No. 82-CV-17-5229

Matthew J. Schaap, Robert B. Bauer, Dougherty, Molenda, Solfest, Hills & Bauer P.A., Apple Valley, Minnesota (for respondent)

Erik F. Hansen, Elizabeth M. Cadem, Burns & Hansen P.A., Minneapolis, Minnesota (for appellant)

Considered and decided by Smith, Tracy M., Presiding Judge; Segal, Chief Judge; and Gaïtas, Judge.

**NONPRECEDENTIAL OPINION**

**SEGAL**, Chief Judge

In this appeal of an order for partial summary judgment dismissing appellant's counterclaim for adverse possession, appellant argues that the district court erred by applying an intervening change in the law instead of adhering to the doctrine of "law of the

case." Appellant also maintains that there are genuine issues of material fact that require reversal of the summary-judgment order. We affirm.

## FACTS

This case is before our court for the second time. *See St. Paul Park Refin. Co. v. Domeier*, 938 N.W.2d 288, 296 (Minn. App. 2020) (*Domeier I*), *aff'd*, 950 N.W.2d 547 (Minn. 2020) (*Domeier II*). Because the prior appeal is interrelated with the issues now before us, a review of the procedural background of this case is in order.

Respondent St. Paul Park Refining Co., LLC (the refinery) initiated this suit against appellant Brian Domeier, alleging claims for trespass and ejectment related to two portions of two parcels of property owned by the refinery—a portion covering 2.11 acres of a 39.7 acre parcel (the east portion) and a second portion covering 3.22 acres of a 6.2 acre parcel (the west portion). Domeier counterclaimed, alleging adverse possession, trespass, and ejectment.

The first appeal in this case arose out of the district court's grant of partial summary judgment against Domeier on his adverse-possession claims to both the east and west portions. The district court determined that Domeier's claim was defective as to both portions because Domeier had not paid any property taxes on the refinery's property pursuant to Minn. Stat. § 541.02 (2022). Section 541.02 requires that, for any parcel that is separately assessed for tax purposes, the party claiming adverse possession must have paid property taxes "on the real estate in question at least five consecutive years of the time during which the party claims [the property] to have been occupied adversely," subject to certain exemptions not applicable here. Both parties agree that the disputed portions were

2

located on separately assessed parcels and that Domeier had never paid any property taxes for the parcels.

On appeal of that decision, this court affirmed the summary-judgment award in favor of the refinery on the west portion, which covered 52% of the separately assessed parcel on which it was located. *Domeier I*, 938 N.W.2d at 296. But we reversed the summary-judgment award as to the east portion, reasoning that it accounted for only slightly more than 5% of the separately assessed parcel. *Id.* We concluded that such a small percentage was not sufficient to trigger the property-tax-payment requirement of section 541.02. *Id.*

Domeier petitioned the supreme court for review of this court's decision concerning the west portion. The refinery did not seek review of our decision concerning the east portion. The supreme court accepted review. In its opinion, the supreme court rejected this court's interpretation of section 541.02, that the applicability of the tax-payment requirement depends on the percentage of the parcel being claimed. *Domeier II*, 950 N.W.2d at 552. The supreme court established a bright-line rule that section 541.02 requires the payment of property taxes when there is a claim of adverse possession for "*any* portion of a separately assessed parcel," barring the applicability of one of the exemptions. *Id.* The supreme court thus affirmed the dismissal of Domeier's claim related to the west portion and remanded the case to the district court. *Id.* The supreme court referenced the refinery's failure to seek review of our court's ruling on the east portion, stating in a footnote:

> The Refinery did not seek review of the court of appeals' decision concerning the east parcel, so that issue is not before us. We express no opinion as to the outcome of the parties' dispute regarding the east parcel when this matter returns to the district court.

*Id.* at 552 n.3.

On remand, the refinery renewed its motion for partial summary judgment on Domeier's adverse-possession claim as to the east portion. Domeier opposed the motion, arguing in part that this court's ruling in *Domeier I* was binding as law of the case because the refinery did not seek review of that ruling in the supreme court. The district court rejected Domeier's law-of-the-case argument and granted summary judgment for the refinery on the same grounds as it had initially—that Domeier's failure to pay property taxes for the parcel on which the east portion was located was fatal to his adverse-possession claim.

After the district court granted the refinery's motion for partial summary judgment on the east portion, the parties filed a stipulation for dismissal with prejudice of the parties' remaining claims. Based on that stipulation, the district court entered final judgment, and Domeier filed this appeal.

## DECISION

Domeier maintains that the district court erred when it declined to apply the law-of-the-case doctrine in granting summary judgment to the refinery on his claim for adverse possession of the east portion. He also argues that summary judgment is improper because there are genuine issues of material fact on the elements of his adverse-possession claim.

4

On appeal from a grant of summary judgment, this court reviews de novo "whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010). All doubts and factual inferences are resolved against the moving party. *Fenrich v. Blake Sch.*, 920 N.W.2d 195, 201 (Minn. 2018). Summary judgment is appropriate if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Minn. R. Civ. P. 56.01.

The law-of-the-case doctrine is a preclusive doctrine designed to prevent relitigation of issues. Generally, the law-of-the-case doctrine renders a decision in the first appeal the law of the case in a subsequent appeal where the facts are the same or substantially the same. *See, e.g.*, *Nees v. Minneapolis St. Ry. Co.*, 22 N.W.2d 164, 164 (Minn. 1946) (holding the damages decision in the first appeal was the law of the case in the second appeal because no new facts were established).

But the law-of-the-case doctrine is a rule of practice, not a rigid rule of law, and courts are accorded some degree of discretion in applying the doctrine. *Goneau v. Minneapolis, St. P. & S. S. M. Ry. Co.*, 198 N.W. 403, 403 (Minn. 1924), *aff'd*, 269 U.S. 406 (1926). Our court, for example, has recognized an exception when there has been an intervening change in controlling law. *See McClelland v. McClelland*, 393 N.W.2d 224, 226 (Minn. App. 1986), *rev. denied* (Minn. Nov. 17, 1986).

The district court relied on the intervening change-in-the-law exception in granting summary judgment against Domeier as to the east portion. We discern no error in the district court's decision. Based on the supreme court's holding in *Domeier II*, our opinion

concerning the east portion was incorrect. As such, the district court was justified in deviating from the law-of-the-case doctrine and applying, instead, the supreme court's interpretation of the tax-payment requirement set out in *Domeier II.*

Domeier challenges the district court's decision, arguing that the *McClelland* case relied on by the district court is inapposite because it involved an intervening amendment to a statute, not an appellate ruling in the same case as occurred here. We disagree. In the context of this case, we conclude that this is a distinction without a meaningful difference. Regardless of the cause—by a statutory amendment or new case precedent—the fact remains that there was an intervening change in the controlling law and the district court thus did not err in applying the exception recognized in *McLelland.*

Domeier also argues that the district court erred because the refinery waived the tax-payment issue as to the east portion when it failed to seek review by the supreme court of our ruling on that portion. While it is true that the refinery failed to seek such review, it is also true that the supreme court remanded this case to the district court for further proceedings, including proceedings on the east portion. The supreme court stated that it was expressing "no opinion as to the outcome of the parties' dispute regarding the east portion when this matter returns to the district court." *Domeier II*, 950 N.W.2d at 552 n.3. In short, no *final* determination had yet been reached concerning the east portion when the refinery brought its renewed motion for summary judgment. *See* Minn. R. Civ. P. 54.02 (explaining a district court's order is "subject to revision at any time" before the case is final). Without a final determination, it would lead to an absurd result if the district court was required to apply an interpretation of a statute that is no longer good law in reaching a

6

final judgment. *See Johnson v. USL Prods., Inc.*, No. A13-0525, 2013 WL 6839747, at *4 (Minn. App. Dec. 30, 2013) (cited for its persuasive value and stating that "the law-of-the-case doctrine is not so inflexible so as to allow for absurd or inequitable results").

Because we have determined that Domeier's claim fails because he did not pay any taxes for the parcel where the east portion is located, we need not analyze whether there are genuine issues of material fact on the other elements necessary to succeed on a claim of adverse possession.

**Affirmed.**