Anderson *vs.* Smith.

*Appeal dismissed.*

(Decided 12th January, 1871.)

CLIFFORD C. ANDERSON *vs.* SAMUEL R. SMITH.

*Responsibility of the Husband of an Infant for Necessaries furnished to her, previous to Marriage.*

The husband of a minor is responsible for board and necessaries furnished to her, after the death of her father, previous to her marriage, at her request, and upon her promise to pay for them.

APPEAL from the Superior Court of Baltimore City.

*Exception:* The plaintiff asked the following instruction: If the jury shall find from the evidence, that the plaintiff's bill was for necessaries furnished to the wife of the defendant before his marriage, and during a period after the death of her father, when she was entitled to property in her own right, of a much larger value than the amount of said bill, and that she owned said property at the time of her marriage and that the same is now still owned by her and her husband, and that she personally acknowledged said debt and promised to settle it; and shall further find that the defendant, before this suit was brought, admitted to the plaintiff the correctness of the bill, and said that he would have to, pay it, then the plaintiff is entitled to recover.

The Court below refused to grant this instruction, and gave the instruction to be found in the opinion of this Court. The plaintiff excepted and the judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., BRENT, MAULSBY, MILLER and ALVEY, J.

*William F. Frick,* for the appellant.

*John F. Preston* and *R. H. Goldsborough,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This suit was instituted by the appellant to recover a sum due from the wife of the appellee for board and necessaries furnished to her before her marriage, and while she was a minor.

It appears from the proof that the wife of the appellee when a minor was placed by her father in the house of the appellant to board and be cared for by his family. The father died in January, 1867, and had paid for his daughter's board to that time, except a few hundred dollars balance, which was claimed by the appellant from his estate. After his death the young lady continued to board with the appellant, till her marriage to the appellee, which took place when she was about eighteen years old. The amount claimed in this suit is for her board and necessaries, furnished to her after the death of her father, at her request and upon her promise to pay for them.

The proof is further that before her marriage she recognized her indebtedness and promised to pay it, and that the appellee since his marriage admitted to the appellant the correctness of the account and said he would have to pay it, and on one occasion offered to settle the bill, if he, the appellant, would make some trifling deductions.

Upon this evidence the plaintiff below offered one prayer, which was rejected, and the Court gave an instruction to the jury to the following effect:

If they should find from the evidence that the wife of the defendant, was placed by her father in the family of the plaintiff to board when she was an infant, under the age of

Anderson *vs* Smith.

twenty-one and before her marriage, and that her father paid for her board up to the time of his death, and that he was a man of competent means to support his family, and left a sufficient estate to continue the support of his infant children after his death, then the plaintiff is not entitled to recover.

This instruction appears to rest on the ground of a supposed liability of the father for the debt, and that it was a charge against his estate, although there is no evidence of such liability beyond the period of his lifetime.   The evidence is that after his death, the daughter "continued to live and board in the plaintiff's family, having asked if he was willing she should remain, and promising to pay her board, to which he assented." This evidence was altogether ignored in the Court's instruction, although if believed by the jury, it proved the amount claimed to be the debt of the daughter, not of the father.   It showed that the board and necessaries were supplied to her upon her own contract and promise to pay, made after her father's death.

Such a contract was binding upon her although a minor. It is well settled that contracts made by infants for necessaries are binding and can be enforced.   *Macpherson on Infants*, 41 *L. Lib.*, 315; 1 *Parsons on Contracts*, 312, 343, 344; *Fridge vs. State*, 3 *G. & J.*, 103; *Brawner and Wife vs. Franklin*, 4 *Gill*, 463; *Levering vs. Heighe*, 2 *Md. Ch. Dec.*, 81.

The amount claimed being a subsisting debt of the wife at the time of her marriage, and one that might have been enforced against her notwithstanding her minority; her husband of course became responsible for it upon the marriage. The instruction therefore given to the jury was erroneous; and it was error to refuse the plaintiff's prayer.

*Judgment reversed*
*and new trial ordered.*

(Decided 12th January, 1871.)