HULDA MATTSON v. MODERN SAMARITANS.[1]

February 5, 1904.

Nos. 13,746—(201).

**Application for Benefit Certificate.**

In an action to recover upon a benefit certificate issued to plaintiff's intestate by the fraternal beneficiary society known as the "Modern Samaritans," it appears (1) that bartenders and others engaged in the business of selling intoxicating liquors are ineligible to membership, and are prohibited from joining; (2) that the insured in the benefit certificate here involved was at the time he applied for membership in the society a bartender; (3) that he truthfully stated to the agent of the society who solicited him to join the same that he was a bartender, and also a painter; (4) that the agent who filled out the application for membership failed to record therein the whole truth respecting such occupation, and inserted that his only business was that of a painter. But the evidence is sufficient to make the question whether the insured knew his application contained untruthful statements in this respect one of fact for the jury to determine, and it is *held* that:

**Knowledge of Falsity.**

If he knew that untruthful answers to material questions were contained in his application, as delivered to the society for its action, his contract of insurance would be invalid, and not binding upon the society, notwithstanding the fact that the agent who procured him to join the same knew all the facts.

**Material Questions.**

The test in determining whether questions contained in an application for insurance are material is, would the knowledge or ignorance of the

[1]Reported in 98 N. W. 330.

facts sought to be elicited thereby materially influence the action of the insurer?

**Case Distinguished.**

Otte v. Hartford Life Ins. Co., 88 Minn. 423, distinguished.

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Reversed.

*A. E. McManus* and *Armand Albrecht,* for appellant.

*O. E. Holman,* for respondent.

BROWN, J.

Action to recover upon a benefit certificate issued to plaintiff's intestate by the Modern Samaritans, in which, on trial below, the court directed a verdict for plaintiff, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The facts are as follows: Defendant is a fraternal beneficiary society organized under the laws of this state for the purpose of insuring the lives of its members, and other purposes stated in its articles of association. Rules were adopted for the purpose of regulating the membership of the order, persons engaged in certain occupations being expressly prohibited from joining; among such, manufacturers of intoxicating liquors and bartenders. One Lackey was the agent of defendant as a deputy organizer, with authority to solicit persons to become members of the order, receive their applications, and collect from them assessments and dues. In October, 1892, this agent called upon plaintiff's intestate, who was a bartender in the saloon of one Goldman in the city of St. Paul, and urged him to become a member of the society. After some talk and negotiations, deceased concluded to join, and a preliminary application was made out by the agent and signed by deceased at the saloon. Subsequently a formal application was made and signed, presented to the society, and in due course of events deceased was admitted as a member of the order. He died in December following, and his widow brought this action to recover upon the beneficiary certificate issued to him. The court below directed a verdict for plaintiff, and the propriety of this direction is presented for our decision.

In both the applications signed by deceased it was stated that his business or occupation was that of a painter, and that he had no other occupation. It appears, however, from the evidence, that he distinctly informed the agent at the time the applications were made and signed that his trade was that of a painter, but that he occasionally acted in the capacity of bartender; that he tended bar during the winter months, when it was difficult to obtain work at his regular trade. The agent well knew that bartenders were on the prohibited list, and ineligible to membership in the society, and his act in attempting to induce deceased to join was in express violation of the rules of the order, and beyond the scope of his authority. It does not appear whether deceased knew that he was ineligible to membership or not, but the evidence is sufficient to require the submission of the case to the jury upon the question whether he knew that the application stated truthfully his occupation. The physician who examined him preliminary to his admission into the society testified that deceased read the application in his presence, and answers to certain questions made a part of the medical examination contain statements that he was not engaged in the manufacture or sale of intoxicating liquors, but that his occupation was that of a painter. The theory of the trial court in directing a verdict for plaintiff was that, as deceased truthfully stated to the agent taking the application that his occupation was that of a painter and also bartender, the contract of insurance was valid and binding, though the application did not contain truthful statements in this respect. The ruling was based upon the general rule of law that the knowledge of the agent is the knowledge of the principal.

We are of opinion that the court erred in directing a verdict for plaintiff. There are many cases holding that the knowledge possessed by an insurance solicitor—one clothed with power and authority similar to that of the agent Lackey in the case at bar—is the knowledge of the principal, which he cannot repudiate for the purpose of annulling a contract of insurance formally entered into by the agent. But an examination of those cases will show, though involving false or untrue answers to questions in applications for insurance, that the insured truthfully stated all the facts pertinent to the questions embraced in the application, but that false answers were

inserted in the application by the agent, and without the knowledge or connivance of the insured. In such cases the authorities hold that the insurance company cannot repudiate the act and knowledge of the agent. But those cases can have no application to the one at bar. While it is true that the evidence conclusively shows that the insured truthfully stated to the agent his occupation, it is also true that the answers contained in his application were not the truth. Whether he knew that they were not true as contained in the application sent to the society was a fair question, under the evidence, for the jury to determine. If deceased had no such knowledge, and was not aware of the fact that the agent had given his answers untruthfully, the society would certainly be bound by the knowledge possessed by the agent, and plaintiff would be entitled to recover. But, on the other hand, if the jury should find that deceased knew that false and untrue answers were contained in his application, the society would not be bound by the knowledge of the agent, and plaintiff could not recover. Hanf v. Northwestern, 76 Wis. 450, 45 N. W. 315.

While it does not appear that the insured knew that bartenders were ineligible to membership in the society, and consequently did not know the effect the disclosure of the truth would have had, this is immaterial, and not decisive against the society. The society was entitled to have truthful statements made in the application for membership, and, if deceased knew they were false, whether he knew their materiality or not is immaterial. 16 Am. & Eng. Enc. (2d Ed.) 933. That the questions here under consideration were material there can be no doubt. The test in determining the materiality of such questions is whether the knowledge or ignorance of the fact sought to be elicited would materially influence the action of the insurer in entering into the contract.

The case of Otte v. Hartford Life Ins. Co., 88 Minn. 423, 93 N. W. 608, is distinguishable, for in that case the insured not only truthfully answered all questions in the application, but he had no knowledge that the agent had inserted false answers therein. Other cases cited by respondent are distinguishable for the same reason.

Order reversed.