ROY L. BRAUCHT v. GRAVES–MAY COMPANY.[1]

May 6, 1904.

Nos. 13,903—(44).

**Rescission of Gambling Contract by Minor.**

Action by a minor to recover money delivered to the defendant as a grain broker for the purpose, as the plaintiff alleged, of investing it in wagers on the future price of wheat, but, as the defendant alleged, for the purpose of securing it against losses in changes in the market price of wheat bought for future delivery by it for the defendant. *Held* that:

1. The plaintiff was not upon the evidence entitled to a directed verdict in his favor, and that his motion for judgment was properly denied.

1 Reported in 99 N. W. 417.

2. Where a minor has parted with what he received under an executed personal contract, or the benefits received are of such a nature that he cannot restore them, he may rescind, and recover what he parted with under the contract, unless the contract was a fair, reasonable, and provident one, free from fraud or overreaching.

3. Certain instructions which in effect assumed, as a matter of law, that if the transactions between the parties were as recited in the instructions, then the plaintiff received benefits which he could not return, hence he could not rescind and recover what he had paid, were erroneous.

4. A requested instruction as to what would constitute a wagering contract for the purchase of wheat for future delivery should have been given to the jury.

Action in the district court for Hennepin county by plaintiff, a minor, by his guardian ad litem, to recover $635, money paid to defendant upon alleged gambling contracts for the purchase and sale of wheat on margins. The case was tried before Harrison, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed and new trial granted.

*Thomas Canty* and *Bond & Armstrong,* for appellant.

*F. E. Latham* and *James C. Tarbox,* for respondent.

Contracts for future delivery are valid where actual wheat is bought and sold, but a contract to pay the difference in the market price of wheat on two separate days, is a wagering contract and invalid. Mohr v. Miesen, 47 Minn. 228; Van Dusen-Harrington Co. v. Jungeblut, 75 Minn. 298; McCarthy v. Weare Commission Co., 87 Minn. 11. A purely speculative contract is not necessarily a wagering contract. So long as something is actually bought or sold, or is actually contracted for, either for purchase or sale—there is no wagering, not even if the thing contracted for does not then exist. Dillaway v. Alden, 88 Me. 230, 234; Gregory v. Wendell, 40 Mich. 433, 437; Thacker v. Hardy, 4 Q. B. Div. 685. Contracts for future delivery entered into without any mutual agreement, tacit or express, that they are not to be performed by delivery of the goods and payment of the price, are valid, and no subsequent agreement of differences can render them invalid. Sawyer v. Taggart, 77 Ky. 727.

STARK, C. J.

The complaint herein alleged in effect that between December 12, 1901, and February 1, 1902, the plaintiff, at the request of defendant, delivered to it in the aggregate the sum of $635, to be invested by the defendant in the purchase and sale of wheat on margins (that is, in wagers on the future price of wheat); that he was then a minor of the age of twenty years; and, further, that prior to the commencement of this action he demanded of the defendant the return of the money so delivered to it, which it refused to do. He brought this action, by his guardian ad litem, to recover the money so delivered to the defendant.

The answer alleged in effect that the defendant was, during the times stated in the complaint, a member of the Chamber of Commerce of Minneapolis and a grain broker. It also alleged the rules and customs of the Chamber of Commerce as to the buying, selling, settling for, and delivering of grain bought or sold by its members as brokers or agents for third parties; that the plaintiff employed the defendant to purchase for him wheat for future delivery, and that it did so purchase it in accordance with such rules and customs; that the plaintiff did between December 16, 1901, and January 29, 1902, inclusive, pay to and deposit with it in the aggregate the sum of $635 to secure it against losses in the market price of wheat so bought and sold for him; and, further, that all of the money so deposited with it was, less its commission, used in paying or settling for wheat actually purchased on his order. There was a reply putting in issue the character of the transaction between the parties.

At the close of the evidence the plaintiff requested the court to direct the jury to return a verdict in his favor for the $635. The court denied the request, and submitted the case to the jury, and a verdict was returned for the defendant. The plaintiff appealed from an order denying his motion for judgment notwithstanding the verdict, or for a new trial.

1. The plaintiff's first contention is that he is entitled as a matter of law to judgment for the amount claimed. The evidence is conclusive that the plaintiff was an infant during the time covered by his dealings with the defendant, that he paid to and deposited the money with the defendant, and that he attempted to rescind, and did in fact demand that

his money be returned to him. But these facts, standing alone, do not entitle him as a matter of law to the return of his money. Whether he is entitled to a return of the money depends upon the character of the contracts between him and the defendant, a matter which was at issue between the parties. Inasmuch as there must be a new trial of the action for errors of law hereafter referred to, it is not advisable to discuss the evidence. We have considered it, and upon the whole record we are of the opinion that the plaintiff was not entitled to a directed verdict, and that the motion for judgment was properly denied.

2. The trial court instructed the jury that:

> It is perfectly legitimate for you and I or any one else to purchase property for future delivery, and if we do so, and the property rises or falls, we have a right to put up the margin to keep it good; that does not make gambling, and, [so far as this case is concerned, it is immaterial whether or not this was a gambling transaction or not]. In the first place, because if there was no wheat purchased by these defendants, but that they simply determined the question as to what should become of this money by betting upon the price of the raise or fall of the wheat, then the plaintiff is entitled to recover, but [if, on the other hand, he employed these parties to purchase wheat for future delivery and put up the margins to them, and they, acting as his agents, went and bought the wheat, and then they bought and sold wheat as he ordered them, and not otherwise, and acted as his agent, he cannot recover against such agents for what money he lost, and if that was the transaction the plaintiff in this case is not entitled to any verdict at your hands.] * * * This young man, · the plaintiff, I think it may be conceded, is proven to be a minor. I don't believe there is any question under the testimony. [But if he put his money upon the purchase of wheat for future delivery, and it was actually purchased, he received the benefit of the raise or fall of the market according to the sale, whether it was a sale or purchase, and he cannot restore that benefit, and therefore he cannot rescind the contract and pay back the benefits he received; he is not in that position.]

The plaintiff duly requested the court to instruct the jury that:

> If the jury find that the plaintiff and defendant understood that no wheat was to be paid for in full or delivered pursuant to the transactions between them, then these transactions were gambling transactions, and your verdict must be for the plaintiff.

The plaintiff assigns as error the giving of the several instructions we have inclosed in brackets, and also the refusal to give the requested instruction. In considering these assignments of error, the fact must be kept in mind that the plaintiff was a minor, and that the same rules of law with reference to the transactions in question do not apply to him that would to a person of legal age. The law as to when a minor may rescind his contract, and on what conditions he may do so, must be regarded as settled in this state. His contract except for necessaries is voidable, and so long as it is executory he may unconditionally repudiate it. But if his personal contract has been executed on both sides, and he seeks to recover what he has parted with in performance, he must restore what he received by virtue of the contract, if he have it, as a condition precedent. Where, however, a minor has parted with what he received under such a contract, or the benefits received are of such a nature that he cannot restore them, he may rescind and recover what he parted with under the contract, unless the other party shows that the contract was a fair, reasonable, and provident one, free from fraud or overreaching on his part. Johnson v. Northwestern Mut. Life Ins. Co., 56 Minn. 365, 57 N. W. 934, 59 N. W. 992; Alt v. Graff, 65 Minn. 191, 68 N. W. 9.

Tested by these rules, the second and third instructions were erroneous and prejudicial, for they assume and decide as a matter of law that, if the transactions were as recited in the instructions, then the plaintiff received benefits, and that he could not rescind because he could not restore them. Such is not the law, for he had the right to rescind in such a case although the benefits received were of such a nature that they could not be restored, unless the jury found that the contract was a fair, reasonable, and provident one. It cannot be held as a matter of law that such was the character of the transaction.

It is, however, urged by counsel for defendant that the plaintiff did not request the court to, submit to the jury the question whether the transactions were fair, reasonable, and provident, free from fraud, and he cannot now complain that the question was not submitted. True, but the plaintiff is not complaining because the question was not submitted, but for the reason that the court in effect decided as a matter of law that, if the facts were as stated, the transactions were of such a character that the plaintiff could not rescind, because he had received benefits and could not restore them, and so instructed the jury.

Again, if the transactions were gambling ones, the plaintiff concededly was entitled to recover the money paid, and he had a right to have the jury given a test by which they might determine whether or not the transactions were gambling ones. His requested instruction furnished such test. Mohr v. Miesen, 47 Minn. 228, 49 N. W. 862; McCarthy v. Weare Commission Co., 87 Minn. 11, 91 N. W. 33. The correctness of the request is not questioned, but counsel for defendant claims that its refusal was not error, for the reason that the court had already specifically submitted the question involved in this request to the jury by his general charge, and was not bound to repeat something which he had already given. A party has a right to have his requests for instructions submitted to the jury if relevant and correct, unless they are fully covered by the general charge; if so covered, they need not be repeated. All that was said in the general charge relevant to the subject-matter of the request is in the portion of the charge we have quoted. We are of the opinion that the request was not fully covered by the general charge within the rule stated.

The order appealed from must be reversed, and a new trial granted, for the errors we have indicated. So ordered.