HARRY B. KLAUS v. A. C. THOMPSON AUTO & BUGGY COMPANY.[1]

October 22, 1915.

Nos. 19,326—(47).

**Amendment of pleading.**

1. Amendment of pleadings at the trial is largely within the discretion of the trial court, and no abuse of such discretion appears in this record.

**Purchase of automobile by minor improvident.**

2. Conceding that defendant could have proven all that it offered to prove, it would not have justified a finding, when taken in connection with the undisputed facts, that the purchase of an automobile by the plaintiff, a minor, was a reasonable and provident contract so that upon its rescission terms should be imposed upon the minor, he having returned the automobile within a few days after the contract was made.

Action in the district court for Ramsey county by plaintiff minor to recover $200 and the surrender of his promissory note for $800 in favor of defendant. The case was tried before Brill, J., who made findings

[1] Reported in 154 N. W. 508.

and ordered judgment in favor of plaintiff. From the order denying its motion for amended findings or for a new trial, defendant appealed. Affirmed.

*Thomas Jefferson McDermott,* for appellant.

*Harry A. Hageman,* for respondent.

HOLT, J.

Plaintiff, a minor 20 years old, having repudiated the purchase of an automobile, sued to have the note given therefor canceled and the cash part payment returned. Judgment was ordered for a cancelation of the note and recovery of the payment made, and defendant appeals from the order denying a new trial.

Plaintiff was a minor when the agreement to buy the automobile was made. He paid $200 and gave his note for the balance, viz., $800. By the terms of the note title to the automobile was to remain in defendant until full payment was made. Plaintiff kept and used the machine for a few days, then returned it to defendant and demanded a return of the money paid and the note. The defense alleged was a denial of plaintiff's minority, together with an averment that, while plaintiff was in possession of the automobile, it was damaged to the extent of $500 through plaintiff's carelessness. It was specifically admitted that the title never passed to plaintiff and that the automobile was in the possession of defendant.

Appellant complains that the court refused its request during the trial to amend the answer so as to allege the value of the use of the automobile as an item to reduce the plaintiff's recovery. No abuse of discretion is perceived in this ruling.

It may well be that, in an action to cancel an infant's contract, the other party thereto has the right to show that the price of the property involved was fair and reasonable. But that is not enough to prevent cancelation nor the full restoration of what the infant has parted with, unless proof is also made or tendered that the contract was reasonable or provident in view of the minor's situation. Johnson v. Northwestern Mut. Life Ins. Co. 56 Minn. 365, 57 N. W. 934, 59 N. W. 992, 26 L.R.A. 187, 45 Am. St. 473; Alt v. Graff, 65 Minn. 191, 68 N. W. 9; Braucht v. Graves-May Co. 92 Minn. 116, 99 N. W. 417. In

what sense the words "reasonable" and "fair" are used in these decisions is well expressed by Chief Justice Gilfillan in his dissent in the Johnson case where he says: "If, from the subject matter or terms of the contract, it is a wasting of his estate, so that to require him to restore what he has received will likewise waste his estate, it will not be required of him. But if the contract be, both in subject matter and terms, a provident one—advantageous to the minor—the court, to prevent a fraud on the other party, unnecessary to his protection, will not permit him to recover what he has parted with without setting off against it what he has received." The court did not find the contract fair and reasonable. It is true that the evidence discloses no fraud or overreaching on the part of defendant, and we may concede that the contract was fairly entered into and the stipulated purchase price was reasonable, but nevertheless the undisputed testimony forbids a finding that the purchase of the automobile was a reasonable and provident venture for the minor. The only estate apparently that plaintiff had was the $200 paid upon the automobile. His father was a janitor. The minor worked as a clerk. The automobile was not obtained for business purposes. It was used solely for pleasure. For a person in plaintiff's situation to expend in less than a week $200, or his whole estate, for the use of an automobile for pleasure must certainly be held unreasonable and improvident, and, according to defendant's claim, that was for the time mentioned the reasonable value of the use of such a machine. And can there be any reasonable contention that a contract, made by a young grocery clerk, 20 years old, without any means save $200, to buy a thousand dollar automobile for pleasure is a sane, reasonable or provident contract? We think not. Upon the undisputed facts and conceding that defendant had been allowed to fully prove the amendments proposed to the answer, it would not sustain a finding that the contract as to subject matter was so fair and reasonable that conditions for the rescission of the same should be imposed, calling for restitution beyond what the infant had already done in this instance. The law upon this subject is so well settled in this state by the decisions above cited, that an examination and consideration of authorities from other jurisdictions can be of no profit.

Order affirmed.