## FRED W. BERGLUND v. AMERICAN MULTIGRAPH SALES COMPANY.[1]

### December 8, 1916.

### Nos. 20,053.—(195).

**Contract — disaffirmance after end of minority — recovery of payments — fraud.**

Plaintiff, while a minor, entered into a contract with defendant for the purchase on instalments of a multigraph machine and accessories. After making certain payments, defendant took the goods from plaintiff's possession, with his consent, for his failure to comply with the terms of the contract. After reaching his majority plaintiff disaffirmed the contract and brought this action to recover the payments so made by him. It is *held*:

(1) If there was no fraud on the part of defendant, and the contract

[1] Reported in 160 N. W. 191.

---

Note.—Upon the question of effect upon property purchased by infant of his disaffirmance, after majority, of his executory contract to pay for the same, see note in 8 L.R.A.(N.S.) 104.

was a provident one for him he is entitled to recover the payments made with a deduction for the benefits received by him from the use of the goods while in his possession.

(2) It was not necessary for defendant to plead that there was no fraud, or that the contract was a provident one.

(3) The evidence sustains the verdict to the effect that there was no fraud, and that the contract was fair and reasonable, a provident one for the minor to enter into.

(4) The amount to be charged the minor for the use of the goods is not their reasonable rental value during the time they were in his possession, but the amount of benefits actually received by plaintiff from their use. The allowance made by the jury for such benefits is not supported by the evidence.

Action in the district court for Hennepin county to recover $160.60 for money paid upon a contract which was made by plaintiff while a minor and thereafter disaffirmed. The case was tried before Leary, J., and a jury which returned a verdict for $62. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed with directions to enter judgment in favor of plaintiff for $130.60 and interest.

*Fred W. Reed,* for appellant.

*Fifield & Finney,* for respondent.

BUNN, J.

On April 9, 1912, plaintiff was a minor of the age of 19 years. On that day he entered into a written contract with defendant for the purchase of a multigraph and accessories for the price of $475, which plaintiff agreed to pay as follows: $100 in cash when the goods were delivered, $120 in six monthly instalments of $20 each, and the balance in six monthly instalments of $42.50 each. The contract was a so-called conditional sale contract, containing the usual provisions to the effect that title to the goods should remain in defendant until the purchase price was fully paid, and that defendant should have the right to take possession of the goods upon the failure of plaintiff to pay any instalment when due, or to perform any other term or condition of the contract. The contract provided that in such case all payments theretofore made by the pur-

chaser should be considered as made for the use of the goods during the time they remained in the purchaser's possession.

The multigraph and accessories were delivered to plaintiff April 9, 1912. He paid $100 in cash on that day, and made the May, June and July payments, aggregating $60.60. Plaintiff had rented an office, and undertook to do multigraph and stenographic work for the public on his own account. The business did not come, and shortly after making the July payment, plaintiff locked up his office, and procured a job as stenographer elsewhere. Defendant's manager, discovering that plaintiff had given up his business, communicated with him with the result that the multigraph and accessories were taken back by defendant. After he became of age plaintiff brought this action to recover the sum of $160.60, the amount of the payments made by him. The complaint stated the facts substantially as above, and alleged that plaintiff had disaffirmed the contract and brought the action as soon as he was aware of his rights. The answer contained a general denial, alleged the contract and its provisions, the failure of plaintiff to make the payments required, and the surrender and return of the goods to defendant. It further alleged that plaintiff surrendered all payments made on the contract as payment for the use of the goods while in his possession, and that the reasonable value of such use was the sum of $160. The reply was a general denial.

The case was tried to a jury. The court charged in substance, that if the contract was not a fair, reasonable and provident one, plaintiff was entitled to recover all that he paid under it, but that if the contract was fair, reasonable and a provident one, plaintiff was only entitled to recover the difference between the amount of his payments and the benefits he received under the contract. The jury returned a verdict for plaintiff in the sum of $62. Plaintiff then moved for judgment in his favor notwithstanding the verdict for the full sum of $160.60 with interest, or, in the alternative, for a new trial. This motion was denied, and plaintiff appeals.

Plaintiff insists that he is entitled to judgment as a matter of law for the full amount of all payments made without any deduction for benefits received from the use of the multigraph and accessories while they were in his possession. This claim is based upon two grounds: (1) That there

was no pleading or proof that the contract was fair, reasonable and a provident one for plaintiff to enter into; (2) that there was no evidence that he received any benefits from the contract, the evidence received being directed to the reasonable market value of the use, or rental value of the property, rather than to the amount of benefit received by plaintiff.

1. The contract in this case was partly performed on both sides. Defendant had delivered the machine and accessories to plaintiff, and he had made payment therefor in part. The law applicable to such a case is settled by our decisions. If the party dealing with the infant is guilty of actual fraud or bad faith, the infant is allowed to recover back what he has paid without making restitution except to the extent to which he retains in specie that which he has received. Such a case would be a contract essentially improvident, calculated to facilitate squandering the infant's estate. But if the contract was free from any fraud or bad faith and otherwise reasonable, fair and a provident contract for the infant, the latter may recover back what he has parted with, but must restore what he has received in the way of benefits. The one dealing with an infant is charged with the burden of proving that the contract was in all respects fair and reasonable, not tainted with fraud, undue influence or over-reaching on his part. Johnson v. Northwestern Mut. Life Ins. Co. 56 Minn. 365, 57 N. W. 934, 59 N. W. 992, 26 L. R. A. 187, 45 Am. St. 473; Alt v. Graff, 65 Minn. 191, 68 N. W. 9; Braucht v. Graves-May Co. 92 Minn. 116, 99 N. W. 417; Klaus v. A. C. Thompson Auto & Buggy Co. 131 Minn. 10, 154 N. W. 508. In the last case cited Mr. Justice Holt quotes from the dissenting opinion of Chief Justice Gilfillan in the Johnson case as to the sense in which the words "reasonable" and "fair" are used in the above decisions. In brief, the contract, to be "fair" and "reasonable" must not be one wasting the infant's estate, but must be a provident one, advantageous to the minor.

2. We do not agree with plaintiff's contention that it was necessary for defendant to plead in its answer the provident character of the contract. Defendant was charged with the burden of proof on this issue. Such is the law in this state established by a majority of the court in the Johnson case. But to plead the absence of fraud or that the contract was a provident one for the minor would not add to the knowledge of plaintiff that

this issue was in the case. We find no case holding it necessary to set up this defense in the answer, and hold that it is not.

3. Nor can we sustain the contention that there was no evidence to support the verdict on this issue. The machine was purchased for business purposes, not for pleasure. Plaintiff was nearly of age, had experience as a stenographer, and expected to make a success of his business venture. His father was apprised of his undertaking and apparently made no protest. There is no evidence of fraud, undue influence or any unfair practice on the part of defendant in inducing plaintiff to enter into the contract. We think the jury was justified in finding that the contract was not an improvident one, calculated to waste the infant's estate. That plaintiff did not in fact make a success of his venture was not necessarily or even probably due to the nature of the contract, or to the fact that plaintiff was under age.

4. In finding a verdict for $62, instead of for the full amount of the payments made by plaintiff, the jury evidently deducted $100 as the reasonable value of the use of the machine and accessories while in plaintiff's possession. But we think that the jury applied the wrong test, were probably forced to do so under the evidence admitted and the charge of the court. Plaintiff was obliged to account for the benefits received from the use of the goods. This would be the benefits received by him, not necessarily the market value of such use or the rental value of the goods. The cases above cited seem to establish this proposition, and it is logically correct. The allowance of $100 made by the jury was too great. On the other hand the evidence warranted some allowance for benefits received by plaintiff. The amount involved is so small that the case should not be tried again if it can be avoided. We think that a deduction of $30 for the benefits received by him is about all the evidence warrants.

The order appealed from is reversed, with directions to enter judgment below in favor of plaintiff and against the defendant for the sum of $130.60 and interest.