## JOSEPHINE GENDREAU v. NORTH AMERICAN LIFE & CASUALTY COMPANY.[1]

### February 21, 1924.

### No. 23,738.

**Finding as to total disability of insured sustained.**

1. Suit on a policy insuring the deceased against accidents. The finding that he was totally disabled from the time of the accident until his death is sustained by the evidence.

**Avoidance of settlement on ground of mutual mistake.**

2. To avoid a settlement and release on the ground of mutual mistake, the mistake must be established by clear and convincing evidence.

[1]Reported in 197 N. W. 257.

**Charge as to preponderance of evidence respecting mistake.**

3. Instructing the jury that a fair preponderance of the evidence was sufficient to establish the mistake was without prejudice, as the right to avoid the release was conclusively established.

**Rescission of settlement made by a minor.**

4. A settlement and release made by a minor may be rescinded by him in his lifetime or by his successor in interest after his death.

Action in the district court for Hennepin county to recover $300 on an accident insurance policy. The case was tried before Montgomery, J., who. at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $281. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Alvord C. Egelston,* for appellant.

*Olof L. Bruce,* for respondent.

TAYLOR, C.

Defendant issued an accident policy to William H.. Gendreau, who was employed as a helper in a railroad roundhouse, and who was not quite 18 years of age at the time of his death.

The policy, in part I, contained a provision to the effect that if the assured sustained an injury causing total disability, and if, during the period of continuous and total disability and within 90 days from date of the accident, death resulted solely from such injury, defendant would pay plaintiff, his mother, the sum of $300 in lieu of all other indemnities. The policy, in part II, contained a provision to the effect that if the injury did not result in any of the losses specified in part I but caused a total temporary disability, defendant would pay the assured at the rate of $30 per month for the period of such total disability. The policy contained a further provision that defendant should not be liable under more than one indemnity provision for any one accident.

The assured lived with his parents in the city of Minneapolis and worked at the roundhouse of the Omaha Railway Company. On February 25, 1919, a gas or gasolene explosion occurred at the

roundhouse in which "he was burned all over the head and face and neck." The doctors designated his injuries as a "first degree burn." He was immediately taken to a hospital where he was attended by the surgeon of the railway company. He remained in the hospital until March 14 on which date he returned home. On March 28 he was taken back to the hospital and remained there until his death on April 21, 1919.

Plaintiff, alleging that she was entitled to the sum of $300 under part I of the policy, brought suit therefor and re covered a verdict for the amount claimed, less the sum of $19 paid to the assured as hereinafter stated. Defendant appealed from an order denying the usual motion in the alternative for judgment or a new trial.

When the assured returned home from the hospital his external burns were largely healed, and both he and the attending physician were of opinion that he had about recovered from his injuries. On March 17, 1919, without the knowledge of his parents, he went to the office of defendant, asked for the amount due under his policy, received $19 for 19 days disability and signed a writing releasing defendant from further liability. This appears to have been the only time he was away from the house until taken back to the hospital. His condition soon became serious, and he had hemorrhages from the nose and mouth which resulted in the loss of large quantities of blood. These hemorrhages continued after his second removal to the hospital and caused his death. The railway surgeon who attended him and whose testimony is accepted by both parties without questioning its correctness, stated, in substance, that these hemorrhages resulted from an infection of the nose and throat, and that this infection resulted from injuries to the tissues of the nose and throat caused by inhaling flames and gases at the time of the accident. There is practically no conflict in the evidence or dispute as to the facts.

Defendant claims that the total disability of the assured was not continuous from the time of the accident until his death, and that the provision of the policy on which plaintiff relies does not apply for that reason. In support of this contention, it is urged that, at the time the release was executed, both the assured and the of-

ficers of the company believed that he had recovered sufficiently to go to work. He undoubtedly made the settlement and executed the release in the belief that he was nearly well, but the evidence demonstrates that he was mistaken, and amply sustains the finding of the jury that he was totally disabled from the time of the accident until his death.

Defendant had interposed the release as a bar to the action, and plaintiff had sought to avoid it on the ground that it was executed under a mutual mistake as to the nature and extent of the injuries sustained by the assured. Defendant asked the court to charge that "mere preponderance of evidence is not sufficient to establish such mistake as will warrant the avoidance of a written agreement of settlement and release. The proof must be clear, unequivocal and convincing to have that effect."

The court refused to give this instruction and charged the jury to the effect that "a fair preponderance of the evidence" was sufficient to establish a mutual mistake which would avoid the release.

Defendant excepted to the refusal to give the instruction requested and also to the instruction given, and urges these rulings as reversible error. It seems to be well settled that in order to avoid a written contract of settlement and release on the ground of mutual mistake, the mistake must be established by clear and convincing evidence, and that a mere preponderance is not sufficient. But, although the rule given was incorrect, defendant has no ground to complain, for the right to avoid the release was established conclusively. It is conceded, in effect, that the internal injuries caused by inhaling the flames and gases were not known or considered when the assured made his settlement and executed the release. The fact that these injuries then existed and subsequently resulted in death is not disputed. Furthermore the assured was a minor under 18 years of age and could not be bound or concluded by such a contract. Such a settlement and release is not within the class of contracts which a minor is precluded from disavowing, and he had the absolute right to renounce and rescind it. Johnson v. Northwestern Mut. Life Ins. Co. 56 Minn. 365, 372, 57 N. W. 934, 59 N. W. 992, 26 L. R. A. 187, 45 Am. St. 473; Klaus v. A. C.

Thompson Auto & Buggy Co. 131 Minn. 10, 154 N. W. 508; Berglund v. American M. S. Co. 135 Minn. 67, 160 N. W. 191. On his death this right passed to the plaintiff. 14 R. C. L. 234.

Defendant insists that the fact that the release was voidable because made by a minor was not urged at the trial and should not be considered on this appeal. That the assured was a minor was alleged in the complaint, was realleged in the reply, was proven at the opening of the trial and stood as an undisputed fact throughout the trial. It is true, however, that no stress seems to have been placed upon this fact during the trial and that the court made no reference to it in submitting the case to the jury. Conceding that the right to avoid the release on this ground was not urged in the court below, nevertheless the error in stating the quantum of proof necessary to avoid a release will not justify granting a new trial when it appears that at another trial the court would be required to rule as a matter of law that the release was a nullity.

Order affirmed.