## COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed May 24, 1924.

JACK Z. STOFFBERG, BY HIS FATHER AND NEXT FRIEND,
VS.
HOSBACH MOTORS, INC.

*Joseph Fax* for plaintiff.
*Karl F. Steinmann* for defendant.

AMBLER, J.—

In this action the plaintiff, an infant, seeks to recover the price of an automobile purchased from the defendant, alleging that shortly after his purchase he disaffirmed the contract and returned the automobile; but that the defendant refuses to return his money. In addition to the general issue pleas in assumpsit, the defendant also pleaded, by way of confession and avoidance, that the sale was made fairly and in good faith and had been fully performed on both sides and that at the time of the attempted rescission the automobile had been in constant use for nearly three months and, although repaired, had greatly depreciated in value. To this third plea, the plaintiff demurred.

In support of his demurrer, the plaintiff insists that, while there has been no Maryland decision on the precise point, the Courts of other States and text writers are practically unanimous in holding that, with the exception of "necessary" and, in some jurisdictions, "provident" contracts, an infant can disaffirm any purchase, however fully completed, and, upon returning whatever remains of the property purchased, recover the purchase price without any deduction for its use or depreciation in value; since the contrary view would deprive him of protection from the results of improvidence in the very circumstances that make protection really needful. For this he refers to 31 C. J. Sec. 166, p. 1069, and Sec. 168, p. 1072; R. C. L., Secs. 20, 22, pp. 238-240, and cases there cited.

The defendant, holding it unnecessary to go outside of Maryland for authorities to sustain "decisions of our Court of Appeals to the effect that where an infant has executed a contract and enjoyed part of the consideration, he cannot disaffirm the contract and recover the money advanced," refers to and relies on Brawner vs. Franklin, 4 Gill 463; Wilhelm vs. Harding, 13 Md. 147; Adams vs. Beall, 67 Md. 58; Latrobe vs. Dietrich, 114 Md. 24.

While the quotation from the defendant's memorandum unquestionably states correctly the substance of expressions used by the Court of Appeals in these four cases, I must agree with the plaintiff that in none of them—nor in any other Maryland case that I have been able to find—has the precise issue in this case been directly *decided*.

The last two cases, to which might be added Bush vs. Linthicum, 59 Md. 399, deal with the somewhat peculiar *status* of an infant partner, but limit his ability to his interest in the partnership.

In Brawner vs. Franklin, a decree enjoining a minor from prosecuting an action of ejectment against her purchaser who had fully paid the agreed price and entered into possession of the land under her bond, with surety, for conveyance of the title upon reaching full age, was *reversed;* but inasmuch as soon after the date of the contract the minor had acquired a husband, who was also party to the cause, and the surety's answer to the bill of complaint suggested that the purchase money had been paid to the husband, the cause was remanded for such further proceedings, by amendment or otherwise, as might be necessary to enable the complainants to show themselves entitled to an injunction against the husband and wife to stay their proceedings at law *during the life of the husband.*

In Wilhelm vs. Harding, a minor who had agreed to render service for a certain period in consideration of his board and maintenance was held entitled to leave at will, but not to repudiate the contract and recover the fair value of services already rendered and compensated. The only reference to this case to be found in Shephard's Maryland Citations is 114 Md. 24 (Latrobe vs. Dietrich), although in somewhat the same class, and only some twelve years later, came Anderson vs. Smith, 33 Md. 465, in which a husband was held bound to pay the debt of his wife for board and necessaries supplied to her during her minority on her own contract and promise to pay, made after her father's death, the Court declaring: "It is well settled that contracts made by infants for necessaries are binding and can be enforced."

In each of these cases, the actual decision seems to be in accord with the current of authority outside of this State as laid down in 31 Corpus Juris, Secs. 166-8, and R. C. L., Secs. 20-22, and in the latest volumes of the American Law Reports to which I have ready access, the "weight of authority seems to maintain the same course."

In Petit vs. Liston, 11 A. L. R. 487 (191 Pac. Rep. 660) Oregon Supreme Ct., July 27, 1920, it was held:

"A minor who by a fair contract, without undue influence, has purchased a motorcycle on the instalment plan, cannot return the machine and recover the money paid without making reasonable compensation for depreciation of the machine while in his possession."

Citing, among other cases, Adams vs. Beall, 67 Md. 53; Latrobe vs. Dietrich, 114 Md. 8, 24.

But the note, beginning page 491, says of this opinion:

"The Court lays stress on the fact that infants in the 'far Western States' transact a good deal of business for themselves, and seem to assert as a principle of law that infants ought not to be allowed to think that they can act unfairly. The weight of authority, regardless of such consideration, permits the infant, upon disaffirming his contract, and returning the article purchased, if he has it, to recover the purchase price without deduction for its use or depreciation in value."

The "Majority Rule" thus stated is supported by the following cases: Harmon vs. Marmon Chicago Co., 208 Ill. App. 171 (1917); Story, &c., Piano Co. vs. Davy, 119 N. E. Rep. 177 (Indiana App.) 1918; Gillis vs. Goodwin, 180 Mass. 140 (1901); Reynolds vs. Garber Brick Co., 183 Mich. 157 (1914); Blake vs. Harding, 180 Pac. Rep. 172 (Utah) 1919; Whitcomb vs. Josling, 51 Vermont 79 (1878).

For the "Contrary Doctrine" (p. 493) are cited some cases from England and New York, which are referred to and followed by the Supreme Court of Oregon in the annotated opinion, and (p. 495) other cases are added on the "Theory of Provident Contracts," that is, turning on the question whether or not the contract was reasonable and provident for the infant, Sec. 131, Minn. 10 (1895).

In McGuckian vs. Carpenter, 16 A. L. R. 1473; 110 Atl. Rep. 482, (Rhode Island, June 24, 1920), a suit by vendor against a minor on a promissory note

given in part payment for chattels (horse, wagon and harness) and counter-suit by minor against vendor to recover cash payment were tried together.

Judgment for the minor in each case below was affirmed by the Rhode Island Supreme Court.

Syllabus—That a minor has dissipated non-necessaries so that they cannot be returned to the vendor does not prevent him from recovering the price paid for them.

The opinion declares inter alia:

"To say that he shall not have the protection by disaffirmance with which the policy of the law seeks to guard him, unless he had had sufficient prudence to retain the consideration of the contract which he wishes to avoid would in many instances deprive him, because of his indiscretion, of the very defense which the law intended that he should have against the results of his indiscretion."

The note to this case (16 A. L. R. 1473) beginning on page 1475, covers "those cases only wherein the Court discusses the necessity of the return of property transferred to an infant on a purchase or exchange, when he later seeks to disaffirm and recover the purchase money," and under Section II, "Property retained by infant," (p. 1476), Subsec. a, states the "General Rule" as follows:

"If an infant, when he seeks to avoid a purchase of property by him, has in his possession the specific property which came to him under the contract, or any part of it, he must return it as a, prerequisite to a recovery of the amount paid by him." Re Hunterberg (1907) 153 Fed. 768; Gannon vs. Manning (1914) 42 App. D. C. 206; Wright vs. Buchanan (1919) 287 Ill. 468 and several earlier cases, including Wuller vs. Chuse Grocery Co., (1909) 241 Ill. 398, 28 L. R. A. (N. S.) 128; Gray vs. Grimm (1914) 157 Ky. 603; Robinson vs. Weeks (1868) 56 Me. 102; Bergland vs. American Multigraph S. Co. (1916) 135 Minn. 67; Gordon vs. Miller (1905) 111 Mo. App. 342; Ross P. Curtice Co. vs. Kent (1911) 89 Neb. 496, 52 L. R. A. (N. S.) 723; Bartlett vs. Bayley (1879) 69 N. H. 408; Pierce vs. Lee (1902) 74 N. Y. Supp. 926; Lemmon vs. Beeman (1888) 45 Ohio St. 505; McGuckian vs. Carpenter

(1920) 16 A. L. R. 1473; Morris vs. Holland (1895) 10 Tex. Cir. App. 474; Price vs. Furman (1855) 27 Vt. 268.

On page 1478 (16 A. L. R.) Subs. d. discusses "Effect of Depreciation in Value," and cites several New York and English cases, holding that where an infant seeking to disaffirm a purchase returns the property in a depreciated condition, he may be charged with the value of its use during the time he had it in his possession.

This same subsection continues (p. 1479):

"But the right to charge the infant with the value of the use of the property, or with the depreciation in its value from his use, has been denied in other jurisdictions," and cites the following cases: Harmon vs. Marmon Chicago Co. (1917) 218 Ill. App. 171; Gillis vs. Goodwin (1901) 180 Mass. 140; Klaus vs. Thornton Auto, &c., Co. (1915) 131 Minn. 10; Wooldridge vs. Lavoie (1918) N. H. 104 Art. 346; Nast vs. Strahan (1920) Tex. Cir. Ct. App. 225, S. W. 790; Whitman vs. Joslyn (1878) 51 Vt. 79.

Section III. Property parted with by Infant, page 1479 (6 A. L. R.), applies the same principle in its "General Rule," that:

"Where property purchased by an infant has been parted with by him, on disaffirmance of the contract, he may recover the amount paid without restoring the property." MacGreal vs. Taylor (1897) 167 U. S. 688; White vs. Branch (1875) 51 Ind. 210; Gray vs. Grimm (1914) 157 Ky. 602; Nielson vs. Internatl. Textbook Co. (1909) 106 Me. 104; Gillis vs. Goodwin (1901) 180 Mass. 140; Kimball vs. Bruce (1878) 58 N. H. 327; McCarthy vs. Bowling Green S. & V. Co. (1918) 182 App. Div. 18; Lemmon vs. Beamon (1888) 45 Ohio St. 505; see the reported case (McGuckian vs. Carpenter); Bombardier vs. Goodrich (1920) Vt., 9 A. L. R. 1028; 110 Atl.

It is to be observed that the New York case of Nielson vs. Bowling Green, &c., Co. (182 App. Div. 18) is much later than the earlier N. Y. cases cited by the Oregon Supreme Court in Petit vs. Liston (11 A. L. R. 487).

Believing this weight of authority to be based on sound reason and on principles of the common law which have not been modified by any Maryland

statute or decision, I am constrained to sustain the plaintiff's demurrer to the defendant's third plea.

Sustained.