# JACK STEIGERWALT v. THE WOODHEAD COMPANY, INC. AND ANOTHER.[1]

No. 28,971.

July 22, 1932.

*Samuel Saliterman,* for appellant.

*Stinchfield, Mackall, Crounse, McNally & Moore, John M. Palmer,* and *Shearer, Byard & Trogner,* for respondents.

[1]Reported in 244 N. W. 412.

Loring, J.

This was a suit to recover payments made by an infant upon a conditional sale contract to purchase a Ford coupé. The defendants sought to recoup their damages on account of depreciation of the car due to its use by the plaintiff, and the trial court sitting without a jury found in favor of the defendants upon that ground. The plaintiff has appealed from an order denying his motion for a new trial.

While the plaintiff was in his twenty-first year he entered into an instalment contract for the purchase of a Ford coupé from the Woodhead Company, representing to them that he was 21 years of age. He paid down part of the purchase price and some of the deferred instalments. He used the car for over 6,000 miles and then returned it to the Woodhead Company and now seeks to recover all that he has paid to that company and to the Universal Credit Company, which financed the deferred payments. The evidence introduced by the defendants tended to prove that the car had depreciated in value to the extent of $300 due to its use by the plaintiff, and the court so found. It also found that the defendant Woodhead Company was deceived by the plaintiff's misrepresentation that he was of age and that the contract was a fair and reasonable one and provident from the infant's standpoint and that the Universal Credit Company had no knowledge of plaintiff's infancy.

A careful reading of the record discloses no evidence to support the court's finding that the contract was a provident one and not calculated to waste the infant's estate. The burden is on the defendants to show that the contract was not only fair and reasonable but provident, so that if there had been no finding that the infant perpetrated a fraud upon the defendant Woodhead Company the case would call for a reversal. Berglund v. American M. S. Co. 135 Minn. 67, 70, 160 N. W. 191. The views of this court in regard to the recovery by infants of what they have parted with under voidable contracts are clearly set forth in our previous decisions, and it is unnecessary to restate them here. Conrad v. Lane, 26 Minn. 389,

4 N. W. 695, 37 Am. R. 412; Johnson v. N. W. Mut. L. Ins. Co. 56 Minn. 365, 57 N. W. 934, 59 N. W. 992, 26 L. R. A. 187, 45 A. S. R. 473; Alt v. Graff, 65 Minn. 191, 68 N. W. 9; Braucht v. Graves-May Co. 92 Minn. 116, 99 N. W. 417; Klaus v. A. C. Thompson A. & B. Co. 131 Minn. 10, 154 N. W. 508; Berglund v. American M. S. Co. 135 Minn. 67, 160 N. W. 191. In the case at bar, however, the infant has perpetrated a fraud upon the defendants by misrepresenting his age. The question at once arises as to whether or not there may be recoupment of the damage caused by his fraudulent misrepresentation. In Myers v. Hurley Motor Co. 273 U. S. 18, 47 S. Ct. 277, 279, 71 L. ed. 515, 50 A. L. R. 1181, the Supreme Court of the United States had before it a case quite like that at bar, which involved the purchase of an automobile and the infant's right to recover back the payments which he had made upon the instalment contract. In that case he had misrepresented his age, and the defendant had been misled thereby. In the federal courts, as in ours, the infant is not estopped to set up his infancy because of his false representation as to age. The court said [273 U. S. 26]:

"How far the equitable maxim, that he who seeks equity must do equity, applies generally in suits brought for relief because of infancy, we need not inquire; nor do we need here to go as far as the authorities just cited. The maxim applies, at least, where there has been, as there was here, actual fraud on the part of the infant. When an infant of mature appearance, by false and fraudulent representations as to his age, has induced another person to sell and deliver property to him, it is against natural justice to permit the infant to recover money paid for the property without first compelling him to account for the injury which his deceit has inflicted upon the other person.

"Our conclusion that the affirmative defense is available in this action does not rest upon the doctrine of estoppel, though the result may be the same. It recognizes the plaintiff's right to repudiate his promise and sue for the return of his payments, and his immunity from a plea of estoppel in so doing. Its effect is not to enforce the disaffirmed contract directly or indirectly, but to allow

him to invoke the aid of the court to enforce an equitable remedy arising from the disaffirmance, only upon condition that 'seeking equity, he must do equity.' "

It seems logical to us to hold that an infant who is responsible for his torts but not for his contracts (unless for necessaries) and who fraudulently deceives a vendor as to age must permit the vendor to recoup the damage by depreciation due to use of the property purchased when he seeks to rescind his voidable contract and to recover payments which he made thereunder. We therefore hold that such recoupment should be allowed in the case at bar notwithstanding the contract may not have been provident from the infant's standpoint.

The order appealed from is affirmed.

### AFTER REARGUMENT.

On October 7, 1932, the following opinion was filed:

PER CURIAM.

We have granted a rehearing upon the question of whether or not the evidence is sufficient to support the finding of fraud on the part of the plaintiff, and also upon the question of whether or not the plaintiff is entitled to a judgment for $35, which he claims to be the excess which he paid over and above the damage due to depreciation of the car as found by the court.

Upon the first question the evidence is undisputed that the plaintiff stated his correct age to the Woodhead Company's agent; but it also shows that he knew that the agent falsely inserted his age as being more than 21 and that he knew that his contracts made before he was 21 were voidable except for necessaries. Under those circumstances it appears that whatever may have been the plaintiff's original intention, he in effect entered into collusion with the agent of the defendant Woodhead Company to misrepresent a material fact. Had the plaintiff been ignorant of the fact that the agent inserted a misstatement in the application, an entirely different question would be presented; but where, as here, the person who is benefited by the fraud joins with an agent in perpetrating

the fraud upon the principal, the latter is not bound by the fraudulent act of his agent and may invoke the defense of fraud against the person who was benefited thereby. Mattson v. Modern Samaritans, 91 Minn. 434, 98 N. W. 330; Kausal v. Minnesota F. Mut. F. Ins. Assn. 31 Minn. 17, 16 N. W. 430, 47 Am. R. 776; Zimmerman v. Bankers Cas. Co. 138 Minn. 442, 445, 165 N. W. 271; Bratley v. Brotherhood of Am. Yeomen, 159 Minn. 14, 23, 198 N. W. 128; Hanf v. N. W. Masonic Aid Assn. 76 Wis. 450, 45 N. W. 315. The rule is fairly stated in 2 C. J. 871, as follows:

"The rule charging the principal with his agent's knowledge is established for the protection of those who deal with the agent in good faith. If, therefore, the third person acts in collusion with the agent to defraud the principal, the latter will not be chargeable with any information which the agent receives pertaining to the transaction."

It was frankly admitted upon the oral argument that the question in regard to the plaintiff's being entitled to judgment for $35 was not presented to the trial court, and hence we do not review it here.

We adhere to our original conclusion.